BRYNA SCHERR *v.* EDWARD S. SCHERR

BOGDANSKI, PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued February 11—decision released March 31, 1981

*Arthur R. Riccio, Jr.,* for the appellant (plaintiff).

*James R. Greenfield,* with whom was *Louise C. LaMontagne,* for the appellee (defendant).

PETERS, J. This appeal from a judgment in a marital dissolution case presents two issues. Procedurally, it questions the adequacy of the trial court's memorandum of decision; substantively, it questions the exercise of the trial court's discretion in its financial orders attendant upon the dissolution. The plaintiff, Bryna Lasker Scherr, brought an action seeking the dissolution of her marriage to the defendant, Edward S. Scherr, as well as custody of the three minor children of the marriage, child support, alimony, and the award of certain real and personal property. The defendant counterclaimed for a dissolution of the marriage, custody of the eldest child, who was then residing with him, and the assignment of a portion of the plaintiff's estate. After a hearing, the *Hon. John R. Thim,* state trial referee, sitting as the trial court, rendered judgment dissolving the marriage and awarding custody of the children to the plaintiff and reasonable visitation to the defendant. The referee further ordered the defendant to pay the plaintiff child support of $41.66 weekly for each child and $2500 for attorney's fees. The referee ordered the plaintiff, within three months of the judgment, to pay the defendant $70,000 in return for the defendant's conveyance of his interest in the marital home appraised at $168,000, and further ordered her to assume full responsibility  for the balance of approximately $12,500 due on a joint debt incurred for remodeling that house. After the denial of a motion to open the judgment, the plaintiff has appealed.

The plaintiff's first claim of error rests upon the brevity of the trial court's memorandum of decision. The plaintiff argues that the memorandum does not comply with the requirement of Practice Book § 3060B, that a trial court's memorandum of decision set forth the factual basis of its decision. The plaintiff urges that meaningful appellate review of the trial court's exercise of its discretion is made impossible by too brief a statement of its reasoning by a trial court. Undoubtedly this becomes true at some point. We hold, however, that in the circumstances of this case, given the transcript and other parts of the record available to us,[1] the memorandum meets the minimum requirements of reviewability. This is so, in part, because of the limited review to which trial court determinations are subject in domestic relations cases.[2] *Koizim* v. *Koizim*, 181 Conn. 492, 497, 435 A.2d 1030 (1980); *Jacobsen* v. *Jacobsen*, 177 Conn. 259, 262–63, 413 A.2d 854 (1979). It would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account. *Posada* v. *Posada*, 179 Conn. 568, 572–73, 427 A.2d 406 (1980); *Fucci* v. *Fucci*, 179 Conn. 174, 180–81, 425 A.2d 592 (1979). We note, further, that in her post-trial motion, the plaintiff asked for substantive relief from the judgment without then alerting the trial court to the present claim that she deemed the memorandum of decision to be procedurally inadequate. Nor has the plaintiff ever

[1] We note that our willingness to rely upon an exploration of the record to elucidate the factual basis and reasoning of the trial court is the result of our awareness that domestic relations cases often involve factual matters which a trial court may wisely determine not to . set forth in its memorandum in order to avoid unnecessary publicity.

[2] In another type of case the scanty memorandum here might well be insufficient.

moved, either in the trial court or in this court, for a further articulation of the basis of the trial court's decision. Practice Book §§ 3082, 3060D. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222n., 435 A.2d 24 (1980).

The plaintiff's second claim of error is that the trial court abused its discretion in dissolving a twenty-three year marriage without any award of alimony, with a relatively modest award of child support, and with an award to the defendant of one-half of the equity in the marital home. We decline to create a rule that places more weight upon the duration of the marriage than upon the financial and personal circumstances of the parties. The trial court which saw and heard the parties has broad discretion in making financial awards arising out of marital dissolutions. *Koizim* v. *Koizim,* supra; *Fucci* v. *Fucci,* supra; *Jacobsen* v. *Jacobsen,* supra. The record shows an ample basis, including the plaintiff's substantial earnings, her business interests and other assets, and her long-standing custom of relying heavily, during her marriage, upon financial contributions from her father, for the totality of the court's financial orders.

There is no error.

In this opinion the other judges concurred.