[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties appeared for trial in a limited contested dissolution of marriage action. The plaintiff whose maiden name was Susan L. Martin and Ernest R. Duda, were married on July 16, 1972 at Trumbull Connecticut. The plaintiff and the defendant have resided continuously in this state for at least twelve months next preceding the date of the complaint. The court finds after listening to the testimony that the marriage is broken down irretrievably. The parties have one minor child, issue of the marriage and one child of majority. The child of minority is Thomas M. Duda, born September 18, 1975. The State of Connecticut is not contributing and has not in the past contributed to the support of either of the parties.
The wife is age 52 and says her health is good except for a nervous stomach for which she takes medication. She is a high school graduate and the last time that she was employed either full time or part time outside of the house was in 1972. This excludes a short time job which she assisted at the CT Page 10625 skating rink in exchange for free roller skating lessons and use of the rink for her son. She did during the course of the marriage maintain the books and financial records of the family and the records of the husband's contracting business. The opportunity of the wife for future acquisition of capital assets and income is substantially less than the husband's ability.
The husband is 54 years of age and has high blood pressure. He has further indicated that he has other physical problems and demonstrated to the court his knees and his finger on the right hand that he indicates effects his ability to hold nails. He is a licensed plumber and has masonry skills as well as a other building and contracting skills. He has a high school education plus approximately one year of college.
During the course of the marriage it was clear that the husband was the bread winner and provided the economic resources to the house. He made substantial monies during the course of time that the building industry was in a boom condition. He is now facing bad economic times and is working on jobs as he can find them.
His gross earnings for 1990 as shown on his tax return which is exhibit K was on schedule C was $155,699.00. From that business he paid many household expenses including but not limited to the second mortgage. On his tax return it shows he paid over $9,000.00 for that mortgage and another approximately $6,500.00 for depreciation which is a not cash flow item. It appears that even in bad times he has an earning capacity of in excess of $45,000.00.
The wife on the other hand has no track record of earnings and at best her earning capacity is speculative in this job market.
The husband has prepared his November 7, 1991 financial affidavit in a fashion that can be described, in terms most favorable to him, as negligent and careless. He failed to list two Peoples IRA accounts of approximately $6,350.00 in total. He failed to list a U.S. Trust Bank IRA of approximately of $3,000.00. He understated his Aetna Insurance Keogh plan which showed a balance of $63,381.72 on exhibit J. He failed to list a $250,000.00 insurance policy. He failed to indicate that the boat which showed a loan balance of $10,000.00 was in fact free and clear of that loan since it had been paid off well prior to the preparation of the financial affidavit. In addition, in his financial affidavit of August 23, 1990 although he owned the boat he failed to list it as an asset. CT Page 10626
He presently shows that he makes on average $250.00 a week. He was finishing up a job at the time of trial wherein he was earning $2,000.00 for two weeks work which was a $1000.00 per week which indicates his current earning capacity when he is employed.
Since he earned that $2,000.00 in the five weeks since November 7 his current weekly earning on average is $400.00 per week. The husband seems to have money when he needs it. He just bought two tool boxes for $300.00 each.
The wife has filed a written claim for relief and the husband has presented the court with an oral claim for relief. They are at substantial odds.
Court finds it has jurisdiction. The court has listened to the parties and reviewed all the exhibits in the case. In addition the court has taken into consideration all the criteria set forth in 46b-81, the assignment of property and transfer of title statute, 46b-82 the alimony statute,46b-84 the child support statute, 46b-62, the attorney's fees statute, and all other relevant statutes. In addition the court has reviewed all relevant case law and the financial affidavits of the parties accordingly the court orders as follows:
 1. The court hereby grants the dissolution of marriage on the grounds of irretrievable break down.
 2. The parties have agreed that custody of the minor child, Thomas shall be with the wife with reasonable visitation by the husband. The matter of visitation is left to the parties to work out with the son to their mutual satisfaction.
If they are unable to resolve this matter it is referred to the Family Relations office for mediation, report and further recommendations and back to this court if necessary. Visitation shall be on reasonable notice to the plaintiff.
 3. The husband shall pay alimony to the wife in the sum of $50.00 per week. Said obligation to pay alimony shall cease and terminate on the death of either party, the remarriage of the wife or her cohabitation as defined by Conn. statutes.
 4. The defendant shall pay child support to the wife in the amount $150.00 per week. Said obligation to pay child support shall terminate upon the child's death, his reaching the age 18 or becoming sooner emancipated. This amount was CT Page 10627 agreed to by both the husband and wife as the amount to be paid for child support. The court finds that it exceeds the guidelines but that it would be inequitable or inappropriate to follow the guidelines in this case where the parties have stipulated to the $150.00 per week and the husband's income is as uncertain as it is.
 5. The husband shall maintain health insurance for the benefit of minor child for so long as he is obligated for child support. Any unreimbursement medical and dental expenses shall be shared equally by the parties. Provisions of 46b-84(c) shall apply to this order.
 6. The husband shall transfer by quitclaim deed to the plaintiff wife all of his right title and interest into the real property located at 38 Bull Frog Lane, Trumbull, CT. Said real property shall be the sole property of the wife free from any claims by the husband in the future. The property is transferred to the wife subject to the existing mortgages. In the event that the husband fails to quitclaim the property within 30 days from the date of this decree the property shall be deemed transferred pursuant 46b-81
subsection (a).
 7. The funds frozen by court order of August 23, 1990 remaining on account in the approximate sum of $17,0000.00 at the Bank of Boston shall be divided principle of $15,000.00 to the wife and principle of $2,000.00 to the husband. The interest accrued on said account if any shall be divided equally between the parties.
 8. The husband shall retain his 1989 Bay Line Capri boat — 19 feet valued at approximately $8,000.00 free and clear of any claim of the wife.
 9. The Aetna Insurance Company Keogh plan shall be divided equally between the parties as the husband takes down said funds. The testimony of the husband at the trial was that it could not be taken now without substantial penalty but at age 59 1/2 he could take that money down. When he takes down any of the money from that pension he shall provide the wife with an equal amount. So by way of example if he were to take down $2,000.00 for his own use before he was age 59 1/2, he must give $2,000.00 to this wife at the same time.
All interest and penalties and taxes on said Keogh Plan are to be borne by the husband. The money received by the wife shall however be considered by this court as periodic alimony. So that in the event the wife has died, remarried or cohabited under Connecticut law she would not be entitled to any CT Page 10628 payments.
 10. The husband shall retain any interest he owns in the Tashua Construction Company free of any claim of the plaintiff and that includes all of the assets of the company including truck, tools, goodwill and the like. The wife shall have as her sole and exclusive property a 1986 Cadillac Sedan, and 1987 Plymouth Horizon.
 11. The husband shall have as his sole and exclusive property 1989 Dodge pick up truck.
 12. All of the household furnishings except for the husband's tools shall become the sole and exclusive property of the wife.
 13. The husband shall retain ownership of his two People's Bank IRAs in the sum of approximately $36,350.00 and the UST Bank IRA in the approximate sum of $3,000.00.
 14. The husband shall maintain life insurance in a minimum of $100,000.00 naming the wife as beneficiary for so long as he is obligated to pay her alimony under this order and naming the minor child, Thomas as beneficiary in the event the husband's obligations to the wife sooner terminate, for so long as he is obligated to provide support to the minor child.
 15. The court finds that the husband is in arrears Pendente Lite the sum of $10,100.00. Said arrearages shall not merge the final judgment and shall be paid at the rate of $100.00 per week until paid in full in addition to his other payments herein ordered.
 16. The husband represented during the course of trial that the lien and debt of Auscavitch has been resolved favorably to the husband and therefore is not a lien on the property. In the event that the husband has not resolved this matter and it turns out to be a valid claim on the property the husband shall hold the wife harmless from said claim.
17. Neither party is awarded counsel fees.
 18. The husband is ordered to file with the wife by January 30, 1992 a statement under oath showing all of his gross income, and his expenses for the year of 1991 (Line by Line). He is then to file quarterly thereafter a similar statement beginning on March 31, 1992 until he is no longer paying the wife alimony. In addition he shall send her a copy of his income tax returns when the returns are filed CT Page 10629 with the taxing authorities.
 19. The husband may not seek a modification of the wife's alimony based on a substantial change in her earnings until she has earned in excess of $20,000.00 per year.
 20. The parties shall be responsible for their own debts as shown on their own affidavits except as herein before set forth in this decision.
 21. Each party shall keep his or her own personal property in his or her own possession as not herein before set forth in this decision.
22. A contingent wage execution is ordered.
This decision is rendered under the authority Scherr v. Scherr, 183 Conn. 366 (1981).
EDWARD R. KARAZIN, JR. JUDGE