[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and the defendant wife were married in Upper Marlboro, Maryland, on September 9, 1967.
Both of the parties have resided in the State of Connecticut continuously for at least one year up to the date of the filing of the complaint.
One child was born to the wife during the course of this marriage. That child has reached his majority.
Neither of the parties is receiving, or has in the past, received support from the State of Connecticut or any municipality.
Ordinarily, it is not the function of this Court to set forth factual matters in a memorandum of decision unless requested to do so by a motion to articulate in connection with an appeal. See Scherr v. Scherr, 183 Conn. 366, 368
(1981). There are, however, certain aspects of this case which the Court feels compelled to recite.
Both of the parties are in relatively good health and both are high school graduates.
The husband urges this Court to find that the wife's excessive gambling and her gullibility were the major contributory factors to the dissolution of the marriage. Conversely, the wife attributes the breakdown to her husband's involvement with another woman and to mental and physical abuse. Sufficient evidence was presented for the Court to conclude that both of the parties contributed to the dissolution.
In any event, fault is only one of the factors which the Court considers in its award of alimony and in the assignment and distribution of property. The Court is directed by the legislature to consider the following factors:
 ". . . the length of the marriage, the causes for the . . . dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties." General Statutes Sections 46b-81 and 46b-82.
Those factors to be considered in awarding alimony and making property distributions under the current statutes closely parallel those under former case law. Tobey v. Tobey,165 Conn. 742, 748 (footnote 2) (1974); Heard v. Heard, 116 Conn. 632, CT Page 10596 636 (1933). No one factor is controlling. The relevant considerations vary from case to case and depend upon the circumstances of the parties. Chamblis v. Chamblis,171 Conn. 278, 279 (1976).
The Court is acutely aware of the limited skills which the wife possesses for today's very difficult job market. The Court is also concerned, however, that she left a job recently which paid $7 per hour. There was no indication that she was forced to leave this job and the Court can only conclude that she voluntarily left. This is indeed unfortunate since the financial disaster occasioned by the wife's gambling is certainly not helped by her failure to work.
The current IRS obligation is accumulating interest and penalties daily and should be a source of concern to the parties.
This Court cannot by its orders solve the financial woes which now plague the parties. They are, however, fortunate than most since they have sufficient real estate equity.
Having carefully reviewed all of the oral evidence, stipulations and exhibits and taking under consideration all of the factors contained in Connecticut General Statutes Sections 46b-81 and 46b-82, the Court further orders as follows:
(1) A decree of dissolution may enter.
(2) The husband shall pay to the wife as periodic alimony the sum of $150 per week until the happening of the first of the following events:
(a) Death of either party;
(b) Cohabitation by the wife;
(c) Five years from the date of this judgment.
(3) The husband shall retain sole and exclusive ownership of the premises known as 110 Norwich-New London Turnpike, Uncasville.
(4) The parties shall immediately place the marital premises on the market for sale. The net proceeds shall be distributed as follows:
(a) Property taxes CT Page 10597
(b) IRS taxes
(c) Sewer assessment and sewer use charges
 (d) Real estate commission (if any) and all other reasonable closing fees
 (e) 70% of the balance to the wife and 30% to the husband
Until the premises are sold, the wife shall have exclusive use of the marital premises and shall be responsible for all expenses attendant to said occupancy, such as utility payments, water usage and day-to-day maintenance. Taxes and sewer charges shall be deferred until the premises are sold and paid 70% by the wife and 30% by the husband.
(5) Except as otherwise provided in this order, each of the parties shall be responsible for their liabilities as shown on their respective financial affidavits.
(6) All of the household furnishings shall become the sole and exclusive property of the wife.
(7) The husband shall pay to the wife, as an allowance to prosecute, the sum of $4,000.
(8) The husband shall provide medical insurance coverage for the wife, at his expense, for a period of two years. The wife shall be responsible for all unreimbursed expenses which she incurs. The policy shall be comparable to the one maintained by the husband for the wife's benefit, prior to the dissolution of the marriage.
MIHALAKOS, J.