[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court as a limited contested dissolution of marriage. The parties were married in Katerini, Greece on July 7, 1968. The wife's maiden name was Elaine Ftergiotis. The husband has resided continuously in the State of Connecticut for at least one year prior to the commencement of this action. The parties have both testified that the marriage has broken down irretrievably.
There are four children born to the marriage. Olga Giotopulos was born March 31, 1977 and is of minority. Kathy Giotopulos was born February 5, 1980 and is also of minority. No other minor children have been born to the wife since the date of the marriage. The State of Connecticut is presently contributing to the support and maintenance of the wife by providing her with child support.
The court finds that the marriage has broken down irretrievably and the marriage is dissolved. The court has listened to the parties' testify and has reviewed all the exhibits in the case, including the list of property dated March 24, 1992, the health certificate, the affidavit regarding custody, the financial letter from R. C. Bigelow, and the financial affidavits of the parties.
In addition, the court has taken into consideration all of the statutory criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of property statute, 46b-82, the alimony statute, 46b-84, the child support statute, and the child support guidelines. In addition, the court has reviewed all relevant case law.
Accordingly, the court orders as follows:
1. One dollar ($1.00) per year alimony to the wife.
2. Custody of the minor children, Kathy and Olga, is awarded to the wife with reasonable visitation to the husband.
3. The guidelines provide for child support in the sum of $160.00 based on the husband's net average wages for a 13 week period of approximately $358.00. The court finds no reason to deviate from the guidelines. The state is paying slightly less than that amount at the present. Accordingly, the child support is ordered to be paid at the sum of $160.00 per week total child support for the two minor children in the custody of the wife commencing one week from the date of this decision. Child support is not retroactive.
4. The husband cashed two child support checks from Social CT Page 3933 Security in the sum of $279.00 each. The total received was $558.00. That is to be repaid at the rate of $10.00 per week until paid in full commencing with the first child support payment due one week from the date of this decision along with the basic payment of $160.00.
5. The husband is to carry medical insurance for the benefit of the minor children as long as it is available through his employment.
6. The husband is to hold the wife harmless from all the debts shown on his financial affidavit dated April 27, 1992.
7. The wife's maiden name of Elaine Ftergiotis is hereby restored.
8. The husband is to carry for the benefit of the children who are minors life insurance in the total sum of $12,000.00. Said amount to be carried $6,000.00 for each of the minor children until they reach the age of 18.
9. A wage execution order is to issue.
10. The parties have disputed the property listed on the List of Personal Property. The husband's testimony is unclear as to whether some items are there or not. He basically has indicated that if he has certain items he will return them. If he does not have them, he will not be able to return them. Accordingly, all of the items on the List of Personal Property attached hereto shall be the husband's except for items three, four, five, six, seven, eight, eleven, twelve and fifteen. Those items, if they exist, are to be turned over to the wife within thirty (30) days from the date of this decision. The remaining items, which are number one, the living room set of seven pieces, number two, the picture with red roses, number nine, the curtains and drapes (living room and dining room) and number ten, the dining room set consisting of a table, six chairs and three piece china glass, are to the sole and exclusive property of the husband.
This decision is rendered pursuant to the authority of Scherr v. Scherr, 183 Conn. 366 (1981).
It is so ordered.
EDWARD R. KARAZIN, JR., JUDGE
 LIST OF PERSONAL PROPERTY ---------------------------
CT Page 3934
1. Living Room set of seven (7) pieces.
2. Picture with red roses.
3. Silverware service for twelve (12).
4. Flatware — two (2) sets: (a) Green and Yellow; and, (b) Christmas set.
5. Twin beds (for girls).
6. Set of twelve (12) crystal water glasses.
7. Four (4) crystal plates.
8. One (1) small round table.
9. Curtains and Drapes (Living Room and Dining Room).
10. Dining Room set: (a) Table; (b) Six (6) chairs; and, (c) Three (3) piece china glass.
11. Two (2) beige round tablecloths.
12. Brownish/peach chandelier.
13. Two (2) checks from Social Security.
14. Four (4) months of child support.
15. One (1) large crystal salad bowl.