[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was returned to this court on January 22, 1991. The case appeared on the limited contested list and the parties set forth on the record their agreement concerning custody and visitation and that agreement was made an order of the court at the time the proceedings began.
The wife, whose maiden name was Rita L. Connese, and the husband were married in Bridgeport on February 26, 1972. The parties have lived for a substantial period of time in Connecticut and for at least a year prior to the commencement of the proceedings. There are three children issue of the marriage. Two of the children are still in school, Paul John Marchetti was born January 19, 1976, and Michael Anthony Marchetti was born November 3, 1979. Steven Albert Marchetti has reached his majority and he was born September 20, 1972. Neither of the parties are the recipient of public assistance or CT Page 3992 welfare.
The court listened to the parties and their witnesses and reviewed their financial affidavits along with the exhibits.
The wife is a high school graduate and took a typing course last year. She had some bank experience. The wife did not work from 1979 through 1986. She went at one point to work for the Milford Frame Shop, working three days a week from 9:00 a.m. to 12:00 noon. That work ended in November, 1991, when she was making $8.00 an hour. She presently works at Howe's Drug Store in Milford. She works for $6.00 per hour, four hours per day for a 20 hour week earning $120.00 gross. She is very much involved in the children's sports and their activities.
The husband was a state trooper who went out on disability retirement. He was a State Police officer for 17 years. He went to high school, graduated from Sacred Heart University and is taking courses towards a Master's Degree to become a teacher. He was a road trooper on patrol for ten or eleven years and then plainclothes running background checks. Apparently, he has gone out on disability retirement based on poor vision and other eye problems.
The 46 Honeycomb Lane property was purchased for $70,900.00. The down payment was from the proceeds of the first house so that the mortgage was in the area of about $40,900.00. Numerous improvements were done to the premises to make the property more valuable. The husband presently does not live in the horse. The wife and the two minor children occupy the premises. It would be in the best interests of the children to remain in the home.
The parties disagreed on a lot of their testimony including whether or not the husband wanted the wife to work. He said he wanted her to work. She said he did not want her to work. The bottom line was that she primarily was at home with the children being a wife and mother regardless of what either party wanted.
Because of the husband's eye problems, he was assigned as a State Police officer to what was called light duty and doing background checks and the like. It is clear that the husband's disability retirement was a voluntary one. This court finds that the husband wanted to change his career and went on disability to pursue a new career as a teacher. Had he waited for normal retirement, he would have had to wait for 20 years. He went out on retirement at 17 years.
The 1990 tax return shows that he earned about CT Page 3993 $37,000.00 and the wife earned about $4,000.00. The highest amount the wife ever made was $8.00 per hour.
Mr. Rifkin from the State testified that the husband presently receives $1,277.20 per month under the disability plus he receives a supplemental benefit of $360.00 per month plus he receives $300.00 per month for the children under age 18 plus he receives $300.00 for a spousal allowance. It is also clear that, depending on his earnings, the disability income received from the state will vary. Right now the husband is working towards being a teacher. The testimony was that this is not a good time to be in the teaching business. The wife presently has a 50 per cent death benefit share of the husband's disability pension. On the dissolution of marriage, the spousal benefit will terminate but his disability income will increase.
The wife's present job as a bookkeeper is one that was recently obtained. She is reluctant to terminate that job and find something else based on the children's school and sport schedules.
The parties disagree over the causes of the breakdown of the marriage. This court finds, however, that the marriage has broken down irretrievably.
The husband has asked for a Secondino unfavorable inference to be drawn from the wife's failure to produce at trial Deborah Milewski. The court denies that request as the husband has failed to sustain his burden of proof. There are three elements. The witness:
1. was available;
2. was a witness whom the party would naturally produce; and,
3. had material or substantial testimony that was not cumulative or inferior to what was offered.
Fontaine v. Coyle, 174 Conn. 204. The burden of establishing these requirements is on the husband. No proof was offered as to requirement two to sustain his burden. In fact, it is natural that the wife would not produce the "other woman" especially after having taken her deposition and the husband's statements that she was not the other woman.
The court has considered all the statutory criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of title statute, 46b-82, the alimony statute, 46b-84, the child support statute,46b-62, the child support guidelines, the attorney's fees CT Page 3994 statute and all other relevant statutes and case law. Accordingly, the court orders as follows:
1. The marriage is dissolved on the grounds of irretrievable breakdown.
2. The previous orders made concerning custody and visitation are made orders of this court.
3. The parties have agreed that the child support guidelines provide that the husband should pay $215.00 per week child support. Accordingly, it is ordered, and the court finds that it meets the guidelines and no reason to deviate is found.
4. The wife may have exclusive possession of the home until the youngest child reaches the age of 18. On the youngest child reaching the age of 18, the marital residence shall be placed for sale. Upon sale, the division of the proceeds will be split 60 per cent to the wife and 40 per cent to the husband of the net equity. Net equity is defined as the proceeds received after payment of the first mortgage on the premises, reasonable attorney's fees for the sale, broker's commission, real estate conveyance tax, recording fees and standard adjustments of the local Bar Association.
5. The husband shall be responsible for one half of the repairs to the family home in excess of $500.00. The wife shall give the husband notice of any needed repairs.
6. The husband shall continue or procure, if necessary, medical insurance for both of the minor children and shall be responsible for 50 per cent of the unreimbursed medical or dental expenses including eye glasses for the children.
7. The husband shall receive, by agreement of the wife, the exemptions for federal and state income tax purposes to allow him to receive the additional $600.00 per month benefit.
8. The wife shall receive 50 per cent of the defendant's pension on his death whether or not he has remarried.
9. The husband shall pay to the wife $50.00 per week alimony. Said alimony shall terminate on the death of the husband, the death of the wife, the remarriage of the wife or her cohabitation under the statute.
10. The court has been asked to use a crystal ball as to what CT Page 3995 will happen with the parties in the future. It is clear that the husband, at some point, will earn money as a teacher and it will affect his State Police income. It is also probable that the wife will earn additional money at some time in the future. All of these happenings this court has not taken into consideration but leaves the parties to their remedies under existing statute and case law concerning substantial changes of circumstances.
11. The court orders the husband to pay towards the wife's attorney's fees the sum of $1,000.00. Said amount is to be paid within six (6) months from the date of this decision.
12. A wage execution is ordered.
13. The furniture and furnishings in the house at 46 Honeycomb Lane, Milford, Connecticut, shall become the sole and exclusive property of the wife. The husband's personal items not already delivered to him such as clothing and his jewelry and personal effects are to be returned to the husband within 30 days of the date of this decree. Any dispute on the articles shall be referred to the Family Relations Office for mediation. Failure to agree at mediation will allow the parties to petition the court for relief.
14. The husband is to carry life insurance for the benefit of the children until each child reaches the age of 18 in the amount of $25,000.00 per child.
15. Each of the parties shall pay the liabilities listed on each of their affidavits.
16. Each of the parties shall keep all of their assets not addressed in this opinion as their own property free and clear of any claim of the other.
This case is decided under the authority of Scherr v. Scherr, 183 Conn. 366 (1981).)
EDWARD R. KARAZIN, JR., JUDGE