[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court on the basis of a limited dissolution of marriage. The husband testified and the wife testified. The plaintiff, whose maiden name was Marie Chantel Assad, and the defendant intermarried on November 19, 1982 at Stamford, Connecticut. The court finds it has jurisdiction. The wife has resided for at least one year prior to the date of the complaint in Connecticut. The court finds that the marriage has broken down irretrievably, and the marriage is hereby dissolved.
The plaintiff and defendant have three minor children issue of their marriage, to wit: Sylvester Edward born December 13, 1988; Tanisha Edward born April 25, 1986; and Jessica Edward born November 29, 1983. No other minor children have been born to the wife since the date of the marriage. No other individual or agency is contributing to the support or maintenance of the plaintiff or the defendant.
The court has listened to the witnesses, reviewed their financial affidavits and all the exhibits in the case. In addition, the court has taken into consideration all of the criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of title statute, 46b-82, the alimony statute, and 46b-84, the child support statute. The court has also taken into consideration the child support guidelines and all other relevant statutes and case law. Accordingly, the court orders as follows: CT Page 5207
1. Neither party is to receive alimony one from the other.
2. Custody of the three minor children to the wife with reasonable and flexible visitation in the husband.
3. The court finds that the husband has greater earning capacity than his present earnings reflect. He had previously been employed at two jobs, Mediplex and Lea Manor. In both cases he was fired for cause. He was holding both jobs at the same time. He presently holds one job.
 The court finds that the guidelines' amount is $103.00 per week for all of the children's support. The court finds that it is in the best interests of the children for the court to deviate from that criteria and for the husband to pay more support. Accordingly, he is ordered to pay $118.00 per week. This leaves him with the required mandatory self-support reserve of $135.00.
4. The court finds an arrearage of $1,000.00 and orders the husband to pay that arrearage at the rate of $10.00 per week to be paid with the child support payment set forth above.
5. The court finds that the wife's version of the Sears credit card bill, account number 0361376-00024-2, is more credible. The wife agreed to pay for the credit card bill when the husband left the T.V. set. When the husband took the T.V. set, the wife told him he had the responsibility for the bill. Accordingly, the husband is to assume responsibility for the $1,700.00 Sears bill and to make arrangements with them for the payment of that bill and to hold the wife harmless from any claims made thereunder.
6. The husband is to make all of the payments due on his 1989 Mitsubishi 4 door car on time. He has represented that he has either two or three more payments to make and it will be totally paid off. If any arrearage is presently due on those payments, he is to make those payments immediately.
7. Because the wife needs more contribution towards the support of the children, the husband is to keep the wife posted as to his employment. Within 48 hours of the husband changing employment or taking any additional employment, he is to notify the wife in writing how much he is earning on a weekly basis. At the end of the first week of employment or whenever he gets his first paycheck, whichever is sooner, the husband is to send the wife a copy CT Page 5208 of that paycheck and pay stub. Also, if the husband has an increase in his hourly rate or hours worked and has greater income from the Golden Hill Home Care Center than as presently shown on his financial affidavit, he is to notify the wife within 48 hours of that pay increase.
8. A wage execution is ordered.
9. The marriage has broken down irretrievably and it is hereby dissolved.
This decision is rendered under the authority of Scherr v. Scherr, 183 Conn. 366 (1981).
EDWARD R. KARAZIN, JR., JUDGE