[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This comes to this court on the basis of a limited contested dissolution of marriage. The parties had agreed as to custody being with the plaintiff mother but had disagreed concerning visitation.
The parties were married in Bridgeport, Connecticut on June 1, 1985. The wife's maiden name was Barbosa. The plaintiff has resided in the State of Connecticut for more than one year prior to the commencement of this action. The marriage of the parties has broken down irretrievably. The minor children born to the wife and lawful issue of the marriage are Angelica Gonzalez born July 21, 1986 and Melissa Gonzalez born July 20, 1988. The plaintiff and her children receive assistance from the State of Connecticut.
The primary issue before the court in this matter was CT Page 5892 the visitation of the father with the children.
The court has listened to the arguments of counsel and heard the testimony of the parties and their witnesses. The court has reviewed the claims for relief and the amended claims for relief filed by the parties. The court has taken into consideration the psychiatric history of the father including a detailed medical report, including "Medical History and Diagnosis" dated August 22, 1988, done by Dr. Nazario and clinician Gracia. The court has read all the reports in Exhibit and C.
The most recent medical reports indicate that the father is taking Thorazine, 100 mg., for symptoms of psychosis. He is diagnosed as having delusions. He does not appear to be a threat to others, and when he takes his medication, he is under control.
The court has taken into consideration the statutory criteria under Connecticut General Statutes 46b-56, taken into consideration the best interests of the children as well as the direction given to the court in Ridgeway v. Ridgeway, 180 Conn. 533
at 541 (1980):
 This court has consistently held in matters involving child custody, and by implication, visitation rights, that while the `rights and wishes and desires of the parents must be considered, it is nevertheless the ultimate welfare of the child which must control the decision of the court.'"
The court has also taken into consideration the child support guidelines and Connecticut General Statutes 46b-84,46b-81, 46b-82, and the parties' financial affidavits and the support criteria of those statutes. The court, further, has read the child custody and visitation article presented to it by the husband's attorney being section 4128 of a book written by Attorney Rutkin. In addition, the court has reviewed Appendix C, "Abuse and Neglect", an article written by Honorable Frederica S. Brennaman of this court.
The court has listened to the attorney for the children. He addressed the questions of safety and abduction versus balancing the best interests of the children and the needs of the father. His opinion was that abduction was not a credible fear. He further stated that the key issue presented by the wife was abduction rather than safety and that safety did not appear to be a substantial issue as he perceived it. He further felt that any relationship with Dad could not develop CT Page 5893 under the wife's supervision. His view was that a relationship with the father was an important ingredient in the children's lives and was in their best interests.
The court has taken into consideration all of the above in making its orders as hereinafter set forth.
1. It is desirable that the father keep busy and continue the unpaid work in the store. The State has not sustained its burden of proof that the father is employed for pay. In fact, it appears otherwise. Therefore, based on the $135.00 requirement for self-support reserve, the husband is not ordered to pay child support at this time. The issue is left open for further rulings as he becomes employed.
2. The marriage is dissolved on the grounds of irretrievable breakdown.
3. Sole, legal and physical custody is awarded to the plaintiff wife-mother.
4. The husband shall pay to the wife alimony in the amount of One ($1.00) Dollar per year, modifiable at such times as she no longer receives public assistance or upon other substantial changes in circumstances.
5. Each party shall retain all the property currently in his/her possession.
6. The father shall have visitation with his daughters at his parents' house whenever he visits Puerto Rico. He shall be responsible for transportation of the children to that home and back. The visitation shall be arranged between the parties and shall be for approximately half the time the father is in Puerto Rico. By way of example, if the husband is in Puerto Rico for eight (8) days, he shall have the children for four (4) days. If the children are in school, the husband shall be responsible for getting them to school.
 The husband shall not remove the children from Puerto Rico without further order of this court or a court of competent jurisdiction. Conversely, if the children are in Connecticut, he shall not remove them to Puerto Rico without further order of this court.
 Said visitation shall be supervised by the husband's mother. Any problems that might occur in the future are referred to the Family Relations Office or other court CT Page 5894 services. If unsuccessful, they are to return to a court of proper jurisdiction.
 Supervised, as defined in Ballantine's Law Dictionary, 3rd Edition, is defined as "to exercise oversight. To keep under inspection." This court contemplates that the supervised visitation will have the father's mother in close proximity during visitation so that she is there to oversee and inspect and to make sure all is going well.
 The court contemplates that Dad may walk off the premises of his mother with the children for a short stroll or otherwise. Any prolonged removal from the premises for shopping or otherwise should be done under the supervision of the father's mother.
 It is contemplated by this court, however, that the pickup and delivery of the children by the father may be unsupervised.
7. The father may phone the children once a week at his expense. The children are to be at the phone at the time of the call. When the father visits the children in Puerto Rico, the wife shall have telephone contact with the children every other night at her expense.
8. The father shall be notified of the name and address of the children's school and shall be sent their school records, if not directly by the school then by the children's mother as she has them.
9. The father shall be notified of any major medical problems or medical emergencies of the children as soon as possible after they occur.
10. The children shall not be called Reyes or any other name other than Gonzalez.
11. While the children are in Connecticut, the previous orders of the court are to remain in effect with the attorney for the children selecting the location for visitation.
12. The parties shall keep each other informed of his/her current addresses and telephone numbers.
13. The wife shall have her maiden name of Barbarosa restored to her.
This decision is rendered under the authority of Scher v. Scher, 183 Conn. 366 (1981). CT Page 5895
EDWARD R. KARAZIN, JR., JUDGE