[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CT Page 7763 MOTION FOR PENDENTE LITE CLAIMS (No. 101.00)
This case comes to this court seeking temporary alimony, temporary child support and counsel fees pendente lite as set forth in the above mentioned motion. The parties appeared and testified and introduced exhibits into evidence. The court has considered all of the appropriate statutory criteria under Connecticut General Statutes 46b-83, 46b-82 and46b-62, attorney's fees, the child support guidelines and the financial affidavits of the parties.
The court finds that both of the parties are gainfully employed. There are two minor children, Robert Arthur Pry born March 23, 1989 and Kierstin Anne Pry born September 17, 1987. The wife is presently in possession of the marital home at 26 Oakwood Drive, Monroe, Connecticut.
The husband's gross income from principal employment is $1,056.98. His net weekly wage as shown on his financial affidavit is $713.48. It appears that presently he is not paying his income taxes since he is self-employed and can control that. It is clearly an obligation, but apparently, the taxes are not part of his cash flow out.
The wife earns gross $500.00 per week. Her net wage is $411.82. She has other net weekly income of $107.28, all as shown on her financial affidavit, for a total net weekly income of $519.00.
The parties agree that the child support guidelines under these circumstances, as aforesaid, provide for $262.00 per week for the two children. The wife's attorney argues that the earning capacity of the husband should be considered to increase that amount above the guidelines.
The court has considered all of the circumstances as aforesaid and recognizes that to some extent the husband has the ability to control his income through billings, additional work and the like. The court recognizes, however, that based on the incomes as shown on the parties' financial affidavits it is difficult for them to make ends meet as two separate entities, the first entity being the wife and the two children and the other entity being the husband. Accordingly, the court orders that the husband pay no alimony to the wife but that he make a contribution towards the mortgage payment of $1,000.00 per month.
The motion for counsel fees pendente lite is denied CT Page 7764 without prejudice to the wife reclaiming this at the time of trial.
Therefore, the effective order of this court is as follows:
1. The husband shall pay to the wife $262.00 per week on Friday of each week as child support for the two children.
2. The husband shall pay $1,000.00 per month towards the mortgage payment on the house, which payment is to be made by the end of August towards the August payment, and within the first ten days of September for the September payment and each month thereafter within the first ten days.
3. Counsel fees are denied without prejudice.
The orders are made prospective only.
This motion is decided under the authority of Scherr v. Scherr, 183 Conn. 366.
EDWARD R. KARAZIN, JR., JUDGE