[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The wife, whose maiden name was Breslin, was married to the husband in Bronx, New York, on October 4, 1969. The wife has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both issue, to wit: Thomas Jeffrey II, born August 3, 1976; Patricia Ann, born October 8, 1977.
The marriage has broken down irretrievably and there is no prospect for reconciliation.
It is the policy of this Court not to ordinarily set forth factual matters in a Memorandum of Decision regarding a dissolution of marriage unless requested to do so in connection with an appeal. See Scherr v. Scherr, 183 Conn. 366
(1991). It would serve no useful purpose in this stage of the proceedings to ritualistically recite the court's findings.
Suffice it to say that the court has taken under consideration all of the factors contained in Connecticut CT Page 8544 General Statutes, Secs. 46b-81, 46b-82 and 46b-84, and orders as follows:
1. A decree of dissolution may enter.
2. Custody of the minor children is awarded to the wife with rights of reasonable visitation to the father.
3. The husband shall pay to the wife the sum of $60 per week per child. This shall be secured by an immediate wage garnishment. These orders are in compliance with the Guidelines.
4. No alimony shall be paid to either party.
5. The husband and wife shall each maintain medical insurance for the minor children as available through their employment. All unreimbursed medical and dental expenses shall be divided equally subject to Connecticut General Statutes, Sec. 46b-84 (c).
6. The marital premises located at 60 Hudson Drive, New Fairfield, Connecticut are, by judicial decree, transferred to the wife. She shall be responsible for all expenses of the house, including the mortgage, and shall hold the husband harmless therefrom.
The wife shall execute and deliver to the husband a mortgage deed and note in the amount of $10,000 which shall be paid as follows:
a) $50,000 on or before September 1, 1996;
b) $5,000 on or before September 1, 1997.
If, however, the house is sold prior to repayment of all the proceeds due the husband, then said unpaid proceeds shall be paid to him upon sale of the premises.
7. All of the household furnishings shall become the sole and exclusive property of the wife.
8. The parties shall each be responsible for their own liabilities.
Mihalakos, J. CT Page 8545