[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose birth name was Stoff, was married to the defendant husband on December 23, 1978.
The plaintiff has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both issue and minors, to wit: Michael Evan Garber, born August 3, 1988; and Adam Ross Garber, born August 3, 1988.
The marriage has broken down irretrievably and there is no prospect of a reconciliation.
Ordinarily, it is not the policy of this court to set forth factual matters in a memorandum of decision regarding a dissolution of marriage unless requested to do so in connection with an appeal. See Scherr v. Scherr, 183 Conn. 366 (1981). There are, however, certain aspects of this case which the court feels compelled to recite. CT Page 8907
The husband is forty-six (46) years of age and the wife is thirty-nine (39) years of age. She has a B.S. degree in education and has also taken courses in gemology. He has a high school diploma and has the approximate equivalence of two and one-half years of college.
Presently, the wife is unemployed. At the time of the marriage, she was earning $20,000.00 per year, and he had an annual income of $30,000.00. He went through a couple of career changes and in 1980 started to work in the stock market. Almost immediately, he earned large sums of money which permitted the parties to live lavishly. This meteoric rise in life style and income suffered a setback and they suffered a $1.6 million loss in 1984. In spite of this, he was able to rebound and again was earning in excess of $100,000.00 per year.
During these halcyon days, their parents were given huge sums of money and a home in Florida.
In January, 1990, the husband suffered a breakdown and has not worked since.
The marriage, which was unsteady for many years, finally broke down. In March, 1990, the wife found out that the husband had a girl friend.
Fortunately, the husband had three disability policies which were paying him a total of $10,000.00 per month.
In June, 1991, he negotiated a lump sum settlement with one of the insurance companies for $144,000.00. In April, 1992, the policy paying him $5,000.00 per month disability terminated. He is presently receiving $2,187.00 per month on the last disability policy.
Since the separation, he has fathered another child by another woman.
The wife is in apparent good health. The husband suffers from depression and a chronic immune deficiency. This, however, does not prevent him from spending an abnormal amount of time playing bridge. CT Page 8908
From the settlement of $144,000.00, only $53,000.00 remains. Although he discharged a debt to his father in bankruptcy, he still paid him $55,000.00.
The court concludes, without reciting the facts, that the major cause of the breakdown is attributed to the husband. The court is not convinced that he cannot work at this time.
On the basis of the testimony presented and the mandates of Connecticut General Statutes 46b-81, 46b-82, and 46b-84, the court further finds and orders as follows:
1. A decree of dissolution may enter.
2. Custody of the minor children is awarded to the plaintiff mother. The defendant father shall have liberal, reasonable and flexible rights of visitation with overnight visitation permitted provided there is another person present.
3. The husband shall pay, as support of the minor children, the sum of $105.00 per week per child, which amount complies with the Child Support Guidelines. Payment of these funds shall be secured by an immediate wage garnishment.
4. Each of the parties shall maintain medical and dental insurance for the benefit of the minor children as available through their employment. All unreimbursed medical and/or dental expenses shall be divided equally between the parties. These orders are entered pursuant to and in accordance with the provisions of Connecticut General Statutes 46b-84(c).
5. The husband shall be entitled to claim Michael as a dependant, and the wife shall be entitled to claim Adam as a dependent on their respective income tax returns. The wife shall execute any and all documents required by the Internal Revenue Service necessary to permit the dependency allowance to be taken by the husband.
6. The husband shall pay to the wife as periodic alimony the sum of one ($1.00) dollar per year, which alimony shall terminate upon the happening of the first of the following events:
(a) death of either party; CT Page 8909
(b) remarriage by the wife;
 (c) six years from the date of this judgment of dissolution.
Said alimony shall be nonmodifiable as to term.
7. For so long as the defendant is required to pay child support to the plaintiff, the defendant shall maintain a policy of insurance on his life naming the plaintiff as irrevocable beneficiary in the face amount of $50,000.00 for each of the children. The defendant is prohibited from borrowing or encumbering said policies. Defendant shall authorize, in writing, the plaintiff to obtain status information from the insurance company.
8. The defendant shall deposit into a joint account, in the names of the defendant and plaintiff, the sum of $34,000.00, which account shall require the signatures of both parties for the withdrawal of said funds. From said account, the Internal Revenue Service indebtedness of $32,000.00 shall be paid plus the obligation to Gomper and Blau and Zeisler 
Zeisler.
The husband shall be responsible for any deficiency if the above account is insufficient to pay the aforesaid obligations. Any overage shall be divided between the parties.
9. The husband shall pay to the wife, as lump sum alimony, the sum of $60,000.00 as follows: $20,000.00 within ten (10) days and five (5) equal annual installments of $10,000.00 payable on the first day of September, 1993, 1994, 1995, 1996 and 1997.
10. Except as otherwise provided, each of the parties shall be responsible for their own liabilities and their own costs and attorney's fees.
11. The annual royalties from Blue Pearl shall be equally divided between the parties.
12. The defendant shall have the right to avail himself of the COBRA benefits under plaintiff's medical insurance policy. CT Page 8910
MIHALAKOS, J.