[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The wife and the husband were intermarried on September 2, 1986 in Shanghai, China. The wife has lived in Connecticut for at least twelve months preceding the date of the filing of this complaint. It is further clear that she has been a resident of this state for more than a year after the case was returned to this court on November 12, 1991. The husband filed a pro se appearance in November of 1992. Prior to that time, the husband had been represented by Lois B. Anderson who was given permission to withdraw from the case.
The complaint alleged in Paragraph 3 that the marriage had broken down irretrievably. The answer filed November 5, 1991 admitted in Paragraph 3 that the marriage had broken down irretrievably. In the cross-complaint filed on November 5, 1991, the husband's allegation was that the marriage had broken down irretrievably. No pleadings reflect a claim for dissolution on the grounds of adultery.
The wife had been employed at St. Joseph's Medical Center and was earning $404.62 gross with a net of $305.13 per week. She indicated that she was able to provide for her own support. She was claiming merely a dissolution of the marriage and no alimony.
The husband contested the grounds for the dissolution. It is clear to this court that his pleadings reflected that the marriage had broken down irretrievably and that he admitted that the marriage had broken down irretrievably. Accordingly, the court dissolves the marriage on the basis of irretrievable breakdown. CT Page 962
The husband was born on November 12, 1931 and is sixty-one years of age. He was born in China. He spoke only Chinese at the trial and was assisted by Mr. Fu a friend who was his interpreter.
The wife was also born in China on May 15, 1945. She is 47 years old. The parties have been separated since approximately November of 1991. There are no minor children born of the marriage.
The husband claimed that he was entitled to payments from his wife because he was unemployed as shown on his financial affidavit dated January 7, 1993. The court has reviewed plaintiff's Exhibit 1 which is a copy of a contract which shows that the husband was employed after October 1992 for 13 days at $466 per day for a total of $6,058 in a movie entitled "The Joy Luck Club". Said film was filmed in San Francisco. In addition to his payment as aforesaid, he was to be provided a living allowance of $250, was to be given a reimbursement for transportation to and from the sets and was to be given a semi-private dressing facility. The contract also provided for work to be done during January of 1993. The court finds that he has earning capacity and had actual earnings in 1992. In addition, in 1992, he went to China at a cost of $8,000.00.
The court has listened to the parties and reviewed the Exhibit in the case as well as the parties financial affidavits. In addition the court has taken into consideration all the criteria set forth in 46b-81 the assignment of property and transfer of title statute and 46b-82, the alimony statute. Accordingly, the court orders no alimony to either of the parties.
This case is decided under the authority Scherr v. Scherr,183 Conn. 366 (1981).
KARAZIN, J.