[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The parties were married in Soul, Korea, on September 15, 1975. The wife's maiden name was So Chung Kim. The husband has resided in the State of Connecticut for at least a year prior to the date of the complaint being brought. There are no children issue of the marriage.
This case finds the parties coming to this court as having been (during the course of the marriage) substantially underemployed. The husband is a 1965 graduate of Cornell University and was a 2nd Lieutenant in the United States Army and was wounded in Viet Nam and received a disability pension of 60 to 65%. Exactly what his disability was, was never brought out during the course of the trial. He is presently self-employed as a tradesman living in Indiana. He receives a room at a Quaker meeting house in exchange for labor on the meeting house that he is temporarily fixing up. In addition, he receives disability income, and income as the beneficiary of a trust that pays him an income quarterly.
The wife on the other hand, at the time of the marriage was a business person and had department stores wherein she had a jewelry business. During the course of the marriage they started an export-import business in an attempt to involve themselves in product lines that she was familiar with, including but not limited to rice cookers. Her English during the course of the trial was excellent as far as comprehension and as far as the spoken word it was very good. She apparently at one time involved herself in working her way to a trade show and getting a table despite a claimed language problem. The wife has experience as a bookkeeper, she went to bartender school, she has experience selling insurance and she also has training as a computer operator. CT Page 1357
Ms. Anne Herring, counselor, testified that the wife was suffering from depression and she was in fragile mental health, but her mind was clear. She testified she could work as a computer operator on a part-time basis despite her disability. She also felt that it was possible she could work as a bartender.
The wife presently has no income. The husband's total net weekly income as shown on his financial affidavit is $419.09 per week.
The wife has presently been living in the house that was inherited by the husband at 14 Coolidge Avenue, Stamford, Connecticut. The pendente lite order was by agreement and was $100 a week as alimony and the husband was to pay the homeowners insurance, real estate taxes and the auto insurance. The wife was given exclusive possession of the premises.
The husband's trust fund was as the result of an inheritance, which is documented in the evidence.
The wife is age 52 and the husband is age 49. How these people made it economically during the marriage is not clear to this court. Except for the one time infusion into the marriage of $101,516.01 during 1990, there has been no substantial money for these parties during the course of the marriage. The husband has been a security guard and a limousine driver and other like jobs. The wife has not produced substantial income from her work.
The court has listened to the witnesses and reviewed all of the exhibits in the case. The court has reviewed the parties' financial affidavits and their claims for relief. In addition, the court has taken into consideration all of the criteria set forth in46b-81, the assignment of property and transfer of title statute, 46b-82, the alimony statute and 46b-62 the attorneys' fee statute. This decision is further rendered under the authority of Scherr v. Scherr, 183 Conn. 366 (1981). The court makes the following orders:
1) The marriage is dissolved on the grounds of irretrievable breakdown.
2) That the property located at 14 Coolidge Avenue, Stamford, Connecticut, be listed for sale and sold immediately "as is". That the net proceeds of the sale be divided equally between CT Page 1358 the parties. Net proceeds of sale are defined as the gross sales price less normal expenses of sales such as brokerage commission, attorneys's fees for the sale, real estate conveyance tax and other adjustments as are normal in the city of Stamford. Each party shall be responsible for one-half of the capital gains tax if any as a result of the sale.
The husband is, however, given the sole and exclusive right to handle the mechanics of the sale, since the house is in his name alone. This court retains jurisdiction over the sale for all purposes.
3) The wife in open court waived any claims to the gems in the husband's mother estate.
4) The court awards the wife alimony in the sum of $150 per week. Said alimony to be paid to the wife as long as both parties are alive, the wife has not remarried or cohabitated under the statute. However, at the conclusion of two years from the date of this decision, this court (means any Superior Court Judge) may take a second look to determine whether or not the alimony should continue at this amount, be increased, be reduced, or continue at all, based on the then current financial circumstances of the parties and all relevant then current statutory criteria.
This court finds that the wife has to obtain employment in order to protect herself economically in the future. She is ordered to use her best efforts to seek employment. The court also finds that the husband is underemployed. He has chosen to take the small job in Indiana to be near those prisoners that he has decided to help. The court perceives that his first obligation is to the support of his ex-wife.
Before returning to court in two years the parties are first to attempt to negotiate a resolution themselves. If they fail they are to go to the Family Relations Office for mediation, and if that fails, back to court.
5) The husband is ordered to provide life insurance in the sum of $25,000 payable for the benefit of the wife as long as he is paying her alimony.
6) All of the personal property in the house that was inherited from the husband's mother shall be the property of the husband. All of the wife's personal property shall be hers. All CT Page 1359 of the husband's personal property shall be his. The marital property (the personal property acquired during the course of the marriage) shall be divided equally between the parties by the husband having the first pick and the wife the next pick and the parties alternating thereafter, until all of the marital property is disposed of. If the parties cannot agree what is marital property, it is referred to the Family Relations division for mediation. Failure of the parties to agree whether it is marital property or if other disputes exist, the property is ordered sold and the net proceeds divided equally between the parties.
7) Each of the parties shall pay their own respective attorneys' fees.
8) The wife shall be allowed exclusive possession of the house during the time that the house is listed for sale. She shall have no obligation to pay any other expenses of the house other than utilities.
9) The 1990 Subaru is to remain his wife's sole and exclusive property.
10) The court expressly awards the husband the 1982 Dodge Ram Van, the computer, six guns, his C.N.B. and Indiana bank accounts, his disability pension and his Trust.
KARAZIN, J.