[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court as a limited contested dissolution of marriage. The wife, who is the plaintiff had as her maiden name Jennifer Serpico. She and Francesco Gambino were married on June 1, 1986 at Port Jefferson, New York. The parties resided continuously in Connecticut for at least one year prior to the date of the complaint. The wife presently is a resident of the State of Connecticut. The court finds that the marriage has broken down irretrievably. There are no minor children issue of the marriage and no other children have been born to the wife since the date of the marriage. Neither of the parties have received any public assistance.
The husband was born on January 21, 1958 and is 34 years of age. He is in good health. He was born in Italy. He presently works for his families business in South Hampton, New York. He CT Page 5552 describes his occupation as a cook/working in the deli. His weekly income as shown on his financial affidavit is presently $300.00 per week. No credible evidence was offered to establish that he earns more then that per week presently. He has listed expenses on his financial affidavit that are moderate. He shows as his most substantial asset, a 1986 Chevrolet Blazer worth $5,000.00. He shows that he has an interest in a corporation that he values at a minus $20,000.00. He has completed one year of college.
The wife is 28 years of age. She was born on August 7, 1964. She has one year of college and she worked in retail businesses. In February of 1988, the wife had a disc removed. The wife presently receives disability income from Traveler's Insurance Company. She is presently living at home with her mother and has claimed on her financial affidavit that the total value of the restaurant LaParmigiana is worth a total of $50,000.00. She lists her one-half interest at $25,000.00.
The wife's mother testified about a meeting with both of the parties two days before the marriage to discuss whether or not the marriage should take place. It is clear that problems existed with these people before the marriage took place. The wife herself, testified that problems started before the marriage. The husband's family hated the wife based on her testimony, and it seems that the conflict between her and her husband's family created substantial problems in the marriage. The first Christmas Eve she was home alone. It was not a happy time. He came home late and complained about over-cooked fish. It is clear to this court, that no specific act broke down this marriage. It is a marriage that appeared to be ending at the time it began. Both of the parties contributed to its further breakdown, although this court finds that the wife did the most to save the marriage.
This court will not spend a great deal of time attempting to trace the assets of the parties in this marriage. The record is clear as to what they brought into it, and what they did during the course of the marriage. It is clear that at some point the husband who always wanted to own a restaurant, decided it was time to buy one. The funding for the restaurant came from money he had saved in cash, from money that he had borrowed from his parents, and from money that they had received when they sold their condominium that was jointly owned on Long Island. What is abundantly clear is, that the dream for the restaurant failed. In April of 1993, the restaurant closed and the husband is presently employed as above described. CT Page 5553
The husband's testimony was that the company is worth a negative $20,000.00. He has testified that he has some of the assets of the company in storage in Long Island. He testified that the equipment for the company was in storage and worth approximately $10,000.00. The court finds that although it was a corporation, the wife clearly believed and the husband led her to believe, that she was an equal partner in this operation as she worked hard in the business as did he to make it go. It is clear that there was cash involved in the business, but the wife has not established that he has hidden any cash away that would cause this court to believe that there was money out there that he should divide with her.
It is also clear to this court that he could be earning more than he is presently earning if he chose to do so. He has given legitimate reasons, however, as far as this court is concerned for doing what he is doing at this particular time. He has borrowed substantial sums from his parents and is concerned about repaying them.
It is clear to this court that both parties conspired to have a double set of books in the restaurant in order not to have to pay taxes on income that one would ordinarily have to pay. Although it appears to this court that it was certainly the idea of the husband, the wife acquiesced and kept a double set of books. The wife would now have this court unravel all of the alleged lies of the husband to conclude that she is entitled to a $50,000.00 lump sum payment. The court is unable to reach that conclusion based on the evidence received. The court is not satisfied that she has established by a fair preponderance of the evidence that there are any substantial assets out there anywhere near that magnitude to be divided.
The court has listened to the witnesses and reviewed all the exhibits in this case. The court notes that no tax returns filed during the marriage were placed into evidence by these parties. Therefore, the court was not assisted in having earning capacity and earnings for these parties of recent vintage. In addition, the court has taken into consideration all of the statutory criteria as set forth in 46b-81, the Assignment of Property and Transfer of Title Statute; 46b-82, the Alimony Statute. In addition, the court has listened to the arguments of counsel, reviewed their claims for relief, all the pleadings and the parties financial affidavits. Accordingly, the court orders as follows: CT Page 5554
(1) The marriage is dissolved on the grounds of irretrievable breakdown.
(2) The husband is to pay the wife lump sum alimony in the sum of $7,500.00. Said payment to be treated as a payment in the nature of alimony in order not to have it dischargeable in bankruptcy. This shall not be income to the wife. That payment is to be made to the wife within 90 days of the date of this decision. This court views the wife as a creditor and there is no reason she should not be paid before other creditors out of the husband's corporate asset or car.
(3) The husband is ordered to pay the wife as periodic alimony, the sum of $100 per week for two and one-half years from today's date payable monthly commencing July 1, 1993. The court finds that time limited alimony is appropriate in this case since it is sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency. Also, this alimony is awarded for rehabilitative purposes which is a proper reason for time limited alimony.
(4) Since the court ordered the parties to go to Family Relations in an attempt to resolve their personal property problems while the trial was on, and since neither of the lawyers addressed that issue in their summations, the court assumes they have resolved their personal property problems. The court treats those claims as abandoned and makes no orders concerning personal property.
(5) The husband shall hold the wife harmless for joint income tax returns filed by the parties.
(6) The court awards no attorney's fees to the wife since the court finds that the husband has no financial ability to make a contribution to those fees.
(7) All other claims for relief of the parties not expressly addressed herein have been rejected by this court.
(8) A wage execution is ordered.
This decision is rendered under the authority of Scherr v. Scherr, 183 Conn. 366 (1981). CT Page 5555
KARAZIN, J.