[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7276
This case comes to this court as a limited contested dissolution of marriage. Prior to starting the case, the parties stipulated as to custody and visitation and the court made those orders of the court at that time. Accordingly, the decision does not address that issue.
The parties were married in San Antonio, Texas on June 3, 1964. Both of the parties have continuously resided in Connecticut for at least a year prior to the filing of the complaint. Only one child, Alexis Jason Chovit born March 19, 1976 is a minor child. Other children have been born to the parties but none are minors. The State of Connecticut has not contributed to the support to either of the parties.
The court has listened to the parties and their witnesses and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the criteria set forth in 46b-81, the Assignment of Property and Transfer of Title Statute; 46b-82, the Alimony Statute; 46b-84, the Child Support Statute and 46b-215, the Child Support Guidelines Statute. In addition, the court has reviewed the parties claims for relief and listened to the oral arguments.
The credibility of the wife and the two children who testified are found by this court to be more credible then the testimony of the husband. It is clear to this court that the actions of the husband caused the breakdown of the marriage. The testimony of the son Alex and the daughter Victoria were highly credible. Alex started drinking when his father introduced him to alcohol at age 12. The father introduced him to drugs at age 15. Victoria had a gun placed at her head by the father. The daughter was a witness to an attempt by the father to knife one of the children and saw the consequences of that act when the father ended up grabbing the knife blade and almost severing his fingers.
All of the above and the testimony of the wife concerning his attempt to strangle her clearly leads this court to conclude that the activities of the husband concerning his alcohol and drug abuse caused the breakdown of the marriage. It is clear that the alcoholism was the cause of his losing his job with the police department and, things have gotten worse for him since then. The court has chosen not to articulate beyond the above and lets the CT Page 7277 record speak for itself. The court refers the parties to Sherr v. Sherr, 183 Conn. 366 (1981) which states that "the court need not articulate each and every one of its reasons as long as it has taken into consideration all of the statutory criteria. The court having heard the parties, enters the following orders:
(1) Neither of the parties is to pay the other alimony. Neither of the parties has asked for periodic alimony and the court finds that it is not appropriate under all the facts of this case.
(2) The child support is to be awarded in the sum of $1.00 per year. The husband's gross pay of $50.00 per week is below the self-support reserve. He is to advise his wife once he becomes gainfully employed of that fact. He is to send to her his first two pay stubs. He is to send to her his income tax return for the years 1992 and 1993.
(3) The court finds that there is an arrearage of $5,370.00 on child support as agreed on by the parties. He is ordered to pay that amount when the Bridgewater property is sold out of his share of the proceeds.
(4) The court finds and, the parties have agreed that the five acres in Bridgewater, Connecticut is worth $70,000.00. The parties have agreed that that property should be listed for sale immediately at $85,000.00. The court orders them to list that property for $85,000.00. The parties shall attempt to negotiate a reduction in the property's sale's price if it does not sell within 90 days. If they have not been able to resolve it, they are referred to Family Relations for mediation and then report back to the court thereafter. This court retains jurisdiction over the aspects of the sale of that property.
(5) On the sale of the property, the husband shall pay to the wife $10,000.00. The husband shall have the entire net proceeds of the sale except that he shall in addition, pay the $5,370.00 on the child support arrearage at that time.
(6) The husband shall be responsible solely for any capital gains tax or other taxes due on the sale of the Bridgewater property. In addition, the husband shall pay any liens against the property including, but not limited to tax liens.
(7) The husband has already transferred to the wife, the property known as 127 Courtland Hills Street, Stamford, CT Page 7278 Connecticut. The parties agreed that the value of the property was $275,000.00 with a $20,000.00 mortgage so that there is a net equity of $265,000.00.
The court finds that it is appropriate to leave that property in the wife's name having considered all of the foregoing facts and criteria.
(8) On the sale of the premises, or when the husband reaches the age of 62, the wife shall pay to the husband, the sum of $20,000.00. Said premises shall be ordered sold when the wife no longer makes it her primary residence or in the event she remarries.
(9) The $25,000.00 due the husband out of the house sale, the $10,000.00 due the wife out of the Bridgewater land sale and the arrearage on the child support are all due and payable without interest.
(10) The court grants a dissolution of marriage on the grounds of irretrievable break down.
(12) All other claims for relief not expressly addressed herein, have been rejected by this court.
KARAZIN, J.
Decision entered in accordance with the foregoing 8/13/93 (Karazin, J.) Ass't. Clerk
All Counsel Notified 8/13/93