[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10793
This is an action for dissolution of marriage. The parties were married on August 5, 1972 at Stockholm, Sweden. One child, Jennifer, has been born to the parties during the marriage, and she reached her majority while this action was pending, on August 9, 1995. She is presently entering her senior year of high school.
The parties are at issue over virtually all of the matters that generally arise during the course of a dissolution. In particular, the distribution of assets totalling more than $500,000, including the family home, is a matter in great dispute.
While this matter was pending, the parties reached their 23rd wedding anniversary. The plaintiff works for Wesleyan University as a librarian, with a gross annual income of just over $29,000. The defendant works for the Komori Corporation, selling large printing equipment and grossing over $52,000 annually. Mr. Keeys has been working for Komori for approximately nine years. His annual income, as indicated by his W-2 forms, was considerably higher in the late 80's and early 90's than it is at the present time.
On February 9, 1995 Mr. Keeys pleaded guilty in the U.S. District Court for the Southern District of New York to tax evasion and conspiracy charges arising out of false income tax returns filed by the parties from 1982 through 1991. He is scheduled to be sentenced on September 13, 1995, and the federal sentencing guidelines provide for a term of incarceration of not less than ten nor more than 16 months for his violations.[1]
This court is satisfied that, although Mrs. Keeys signed the joint income tax returns for each of the years in question, she had no knowledge whatever of the fraudulent nature of those returns. On this issue, as well as other matters arising at trial, the court found Mrs. Keeys to be a highly credible witness. Nevertheless, she will be required to file amended returns for those years and pay a share of the taxes that were due and payable for those years, as well as penalties and interest thereon. The court has taken those consequences for Mrs. Keeys into consideration in making its orders in this case. CT Page 10794
The court rejects entirely the claim by Mr. Keeys that his wife should share in some way in the criminal fines to which he may be subjected as a result of his conviction. As stated above, the evidence at trial established beyond any reasonable doubt that Mrs. Keeys was involved not at all in the criminal scheme which may lead to Mr. Keeys' imprisonment. She received funds from Mr. Keeys' salary for the purpose of paying household bills, but it was funds from Mr. Keeys' commissions which he used to make investments and garner income that seems to be the basis of the criminal charges against him. Mrs. Keeys had nothing to do with those activities on the part of Mr. Keeys and his accountant, who also stands charged with criminal offenses, and she should share in none of the criminal consequences thereof.
The court has considered all of the criteria of §§ 46b-62,46b-81, 46b-82 and 46b-84 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman,188 Conn. 232, 234 (1982).
Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5
(1985), and need not give equal weight to each factor. Kane v.Parry, 24 Conn. App. 307, 313-314 (1991).
This is a 23-year marriage during most of which Mrs. Keeys remained at home to care for the parties' daughter and their home. Partly as a result thereof her earning capacity is significantly less than Mr. Keeys, whose average annual income over the past five years was more than $57,000. In addition, Mr. Keeys bears the major responsibility for the breakdown of this marriage as a result of his excessive drinking and frequent abusive behavior toward Mrs. Keeys and their daughter. While making available to Mrs. Keeys only a limited amount of funds to pay the family's expenses, Mr. Keeys used all of the remainder of his earnings to make investments which he kept secret from Mrs. Keeys. Finally, he engaged in fraudulent and ultimately criminal conduct which has now exposed not only himself, but also Mrs. Keeys to adverse financial and other consequences. Mrs. Keeys, on CT Page 10795 the other hand, made strenuous efforts to tolerate Mr. Keeys' behavior and to keep the marriage intact.
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
 1. The marriage of the parties is hereby dissolved on grounds of irretrievable breakdown.
 2. Since the parties' daughter has reached her majority, the court makes no orders regarding custody and visitation.
 3. As stipulated to by the parties, the defendant shall pay to the plaintiff $170 weekly for the support of their daughter until she shall reach the age of 19 or be graduated from high school, whichever comes first pursuant to § 46b-84(b), C.G.S.
 4. While the defendant is paying child support, he shall also pay to the plaintiff as alimony the sum of $100 weekly. Upon the termination of his obligation to pay child support, pursuant to paragraph 3 above, he shall pay to the plaintiff as alimony the sum of $250 weekly. Alimony shall terminate upon the death of either party, the remarriage of the plaintiff or the issuance of a termination order in accordance with § 46b-86(b) of the General Statutes.
 5. Pursuant to §§ 46b-82, 46b-84 and 46b-215 of the General Statutes, the defendant shall provide security for payment of the support and alimony by immediately depositing in escrow $17,650 of the marital assets awarded to him in paragraph 10, below. The holder of the escrow account shall be directed by the defendant to pay out sums from that account to the plaintiff for her benefit and the benefit of the parties' daughter in accordance with the orders entered in paragraphs 3 and 4, above. The defendant shall provide documentation of the existence of the escrow account within 30 days of the date of dissolution. CT Page 10796
 The amount of the escrow account to be established pursuant to this paragraph, $17,650, is based upon the assumption that the defendant will receive a sentence of imprisonment or be otherwise unable to pay the support and alimony ordered herein during the 16 months which represent the maximum sentence of imprisonment provided for in the federal sentencing guidelines. Should the defendant receive less than the maximum sentence of imprisonment or be otherwise able within that 16 month period to pay the support and alimony orders, he may liquidate the escrow account, provided that no arrearage exists at that time in the support and alimony payments ordered.
 6. The defendant shall provide medical and dental insurance for his daughter as available to him through his employment until she has been graduated from college or has reached age 22, whichever first occurs. He shall also be responsible for one-half of the child's uninsured medical and dental expenses during that same time period, and the plaintiff shall be responsible for the remaining one-half of those expenses.
 7. The defendant shall maintain his present life insurance policy in its full face amount with his daughter as primary beneficiary until she has been graduated from high school or reached her 19th birthday, whichever shall first occur. Thereafter, he shall maintain such policy in its full face amount with the plaintiff as the primary irrevocable beneficiary for as long as he is obligated to pay alimony.
 8. On July 1 of each year, the defendant shall provide the plaintiff with documentation that the insurance required by paragraphs 6 and 7 is in effect.
 9. Pursuant to § 46b-81(a) of the General Statutes, all of the defendant's right, title and interest in the parties' family home at 99 Country Way Road, Madison, Connecticut, is hereby assigned to the plaintiff. The plaintiff shall immediately record this decree on the land records in the town of Madison and shall be responsible for the payment of any costs or fees for such recording.
 10. Pursuant to § 46b-81(a) of the General Statutes, 45 percent of the husband's right, title and interest in the stocks, mutual funds and Fidelity investments listed in CT Page 10797 section 4 of his financial affidavit of May 15, 1995 is assigned to the plaintiff. The value of the interest to be transferred shall be based upon the total value of such investments as of September 1, 1995, and in any event shall be not less than the amount ($191,000) shown on the financial affidavit of the defendant signed and sworn to on May 15, 1995. The defendant shall cooperate in the execution of any certificates or other documents necessary to effect this assignment, which shall be accomplished within 60 days of the date hereof.
 11. Except as affected by the orders entered herein, the parties shall retain all of the assets shown on their financial affidavits of May 15, 1995 (the defendant) and May 25, 1995 (the plaintiff). Each shall be responsible for the liabilities shown on those affidavits, and each shall indemnify and hold the other harmless from any liability thereon.
 12. The plaintiff shall retain possession of all personal property located in the family home located at 99 Country Way Road, Madison, Connecticut, except for such items as were removed by the defendant on Saturday, September 9, 1995, pursuant to the order entered on September 1, 1995. Each party shall keep all of the other personal property presently in his or her possession.
 13. Each party shall be responsible for the payment of her or his own counsel fees.
 14. Each party shall be responsible for his or her own liability for unpaid federal income taxes, penalties and interest, and the defendant shall indemnify and hold the plaintiff harmless from any and all financial penalties arising out of his criminal conviction.
/s/ Shortall, J. SHORTALL