[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on February 14, 1964 at Waterbury, Connecticut. Two children were born to them as issue of the marriage and have long since reached their majority.
The plaintiff, Mr. Greene, is 65 years old and a retired teacher. He receives approximately $36,000 a year as retirement income, and lump sum payments in January of each year of $8,000 as part of his retirement package. These lump sum payments will be received in 1996 and 1997 but not thereafter. In addition to a half interest in the family home, he has approximately $7,000 in a bank account and $14,000 in deferred compensation plans.
Mrs. Greene works part-time as a cashier at an Edwards supermarket and has done so for several years. She has not sought full-time employment and claimed to be unable to do so for health reasons. Her gross annual income is approximately $12,700. Her only asset besides her half interest in the family home is a union-sponsored retirement plan with a present value of $9,500. She is 55 years old.
The parties stipulated that the former family home, purchased in 1965 for $14,800, has a fair market value of $90,000 and is unencumbered by any mortgage or other liens. Mrs. Greene resides in the former family home with a gentleman friend, who has resided there with her since at least 1988. CT Page 11865 There was no evidence that this individual provides any substantial income for the payment of Mrs. Greene's expenses.
The court has considered the criteria of Sections 46b-62,46b-81 and 46b-82 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated below. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232,234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo,197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307, 313-14 (1991).
By simple chronology the parties' marriage has lasted for 31 years. In truth, however, this is a six-year marriage. The parties separated in 1970 when Mrs. Greene left home with the children and demanded, as a condition of her return, that Mr. Greene vacate the premises, which he did. For the ensuing 22 years he paid the equivalent of alimony and child support to the defendant by sending her weekly checks in amounts ranging from $250 to $350, as his teacher's salary increased. He also gave the defendant periodic lump sum payments; for example, to purchase a new furnace for the former family home and to allow her to purchase a car. As recently as 1992 and 1993 he paid the real estate taxes on the former family home.
The parties' disparate financial positions are accounted for by Mr. Greene's continuing to pursue his teaching profession while Mrs. Greene remained at home, working only part-time, even after their children had reached an age that would have permitted her to work full-time. Although she cited back problems as a reason for not working full-time, no medical or other evidence substantiated that claim. Mrs. Greene testified to back surgery in 1988, and she had not seen a doctor for that problem since that time. Mr. Greene paid the equivalent of alimony and child support for 22 years, a period exceeding what would have been expected had the parties been divorced contemporaneous with their separation in 1970.
The court's orders will be intended to equalize somewhat CT Page 11866 the disparate financial positions of the parties. They will also take into consideration the cause of the breakup of the marriage, which seems to the court to lie in Mrs. Greene's demand that Mr. Greene vacate the family residence and live separate and apart from her and their children for the next 25 years. The court finds that that demand was motivated not by the fear which Mrs. Greene cited, since none of Mr. Greene's actions would have justified such fear, but by a burgeoning relationship with the individual who presently shares the former family home with her and with whom she admitted a sexual relationship, albeit after the parties had separated.
The court finds that it has jurisdiction, that the allegations of the complaint are proven and true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
 1. The marriage of the parties is hereby dissolved on grounds of irretrievable breakdown.
 2. Pursuant to Section 47-14g of the General Statutes, after the date of dissolution the parties will own the premises at 103 Atwood Heights, Thomaston, Connecticut, as tenants in common. Pursuant to Section 46b-81 (a) of the General Statutes, the court transfers 10% of the plaintiff's share in the ownership of that property to the defendant so that the parties shall own the premises as tenants in common with 60% of the ownership in the defendant and 40% in the plaintiff. Within 60 days of the date of dissolution the defendant may buy out the plaintiff's share in the former family home by a payment equal to 40% of the stipulated fair market value of $90,000. If the defendant shall make satisfactory arrangements within that period, by refinancing or otherwise, for payment to the plaintiff in the amount of $36,000, the plaintiff shall execute a quitclaim deed of his interest in the property to the defendant in return for that payment.
 If the defendant is not able to make satisfactory arrangements for this purchase within 60 days, the property shall immediately be listed for sale with a CT Page 11867 licensed real estate broker chosen by the parties and at a price agreed upon by the parties. If the parties are unable to agree on either of these matters, they shall return to court for a judicial determination. The defendant shall remain in possession of the premises until the house is sold, and she shall cooperate in every way in a good faith effort to sell the property if she is not able to make arrangements to purchase the plaintiff's share. She shall also be fully responsible for keeping the property insured for fire and liability and shall also keep the real estate taxes current, and she shall indemnify and hold the plaintiff harmless for these expenses.
 When the property is sold, the customary closing costs are to be paid, and the balance of the sale proceeds is to be divided 40% to the plaintiff and 60% to the defendant.
 3. The plaintiff shall pay to the defendant as counsel fees the amount of $1,350, which covers the nine hours of trial time spent on September 19 and October 5, 1995 at the rate of $150 per hour, which the court finds to be a reasonable hourly rate for the services rendered. This payment shall be made within 30 days hereof.
/s/ Shortall, J. SHORTALL