[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties have been married almost 27 years, and there is one child issue of the marriage, who has reached his majority.
The plaintiff, Mrs. Muni, is 50 years old and in "excellent" health although she regularly takes prescription medication for a stomach ailment. The defendant, Mr. Muni, is 58 years old and in good health. Both parties are high school graduates. Mr. Muni works in the maintenance department at St. Mary's Hospital and is an experienced carpenter. Mrs. Muni holds down two jobs, one in a secretarial capacity and one at a wholesale sales establishment. Her net weekly income from her two jobs after the mandatory deductions is $409; Mr. Muni's is $578.
The parties have vocational skills other than those in use at their present occupations. Mrs. Muni has received a travel agent's certification, and Mr. Muni, for four to five years, operated a locksmith business out of the family home and made $4,000-8,000 annually.
The former family home at 32 Grandview Avenue in Watertown has a stipulated fair market value of $115,000. Presently there is a first mortgage in the amount of approximately $6,000 and a home equity loan in the amount of $60,000, leaving a total equity of $49,000. The home equity loan was taken out and renewed while the parties lived together. According to Mrs. Muni's testimony, which was uncontradicted, the latest renewal of the loan was occasioned by the purchase of the motor vehicle presently used by Mr. Muni at a cost of approximately $17,000. In addition, the loan has financed portions of their son's CT Page 4255-A college education, and Mrs. Muni estimated that $22,000 of the outstanding balance is attributable to that expense. Mrs. Muni argues that, therefore, $28,000 of the present balance on the home equity loan is for expenses for which Mr. Muni should be responsible, i.e., 1/2 of their son's college costs and the vehicle. Accepting that testimony as accurate, a transfer to Mrs. Muni of Mr. Muni's 1/2 interest ($24,500) in the existing equity would cover the major portion of that amount.
As with almost every long-term marriage, both parties contributed to both its positive aspects and its breakdown. Throughout the marriage Mr. Muni has been the principal wage earner, but in addition to her work as the homemaker and principal caretaker of their son, Mrs. Muni has worked throughout the marriage, and for the past 10-12 years on a full-time basis. The court concludes from the evidence that, while both parties bore some responsibility for the breakdown of the marriage, Mr. Muni's conduct was a greater contributing factor.
The former family home is presently occupied by Mrs. Muni and the parties' son. The latter, although he is working, does not contribute to the upkeep of the former family home.
In addition to the former family home, Mrs. Muni's assets consist of her automobile, which has 117,000 miles on it, a checking account with a negligible balance at the time of trial, a cash surrender value of less than $2,000 in life insurance and retirement plans in the approximate amount of $5,000. Mr. Muni's asset picture is brighter. In addition to his 1992 automobile, he has a checking account which had a balance of over $2,000 at the time of trial, life insurance with a cash surrender value of $7-8,000, a tax shelter annuity worth $4,000 and a pension plan of an unspecified nature with a declared value of over $45,000. The parties share an interest in an Atlantic City time-share, the fair market value of which was not established in the evidence, and which has a mortgage balance of $6,000.
Thus, Mr. Muni's assets at the time of trial totalled approximately $80,000 while Mrs. Muni's assets, assuming the full equity in the house is awarded to her, totalled approximately $61,000.
The court has considered all of the criteria of Sections46b-62, 46b-81 and 46b-82 of the General Statutes, together with CT Page 4255-B the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherrv. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated elsewhere in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry,24 Conn. App. 307, 313-14 (1991).
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. The marriage of the parties is hereby dissolved on grounds of irretrievable breakdown.
2. The defendant shall pay to the plaintiff as alimony the sum of $100 per week until the death of either party or until the plaintiff's remarriage or cohabitation as defined in §46b-86(b) of the General Statutes. The defendant shall designate the plaintiff as the irrevocable beneficiary of life insurance in the amount of $20,000, and he shall provide evidence of such designation within 30 days of the date of dissolution and annually thereafter.
3. Within 15 days of the date of dissolution the defendant shall quitclaim his interest in the property at 32 Grandview Avenue, Watertown, Connecticut to the plaintiff. The plaintiff shall be responsible thereafter for both the mortgage and the home equity loan in their full amounts, real estate taxes and homeowner's insurance, and she shall indemnify and save the defendant harmless from any liability thereon.
4. The defendant shall pay to the plaintiff within 30 days of the date of dissolution the arrearage in pendente lite alimony of $480 found to exist as of March 15, 1996. The CT Page 4255-C defendant shall pay any additional arrearage which accrued between that date and the date of dissolution to the plaintiff within 45 days of the date of dissolution.
5. The defendant shall assign to the plaintiff by way of a qualified domestic relations order 35% of his interest in the "Pension Plan" shown on his financial affidavit of March 18, 1996. He shall cooperate fully in the execution of all necessary documents for this purpose, and the transfer by way of a qualified domestic relations order shall be accomplished by no later than 60 days from the date of dissolution.
The court's order assumes that the value of $45,471 for the pension, as shown on that affidavit, represents the pension's value as of the date of dissolution. It is the court's intention to effect an immediate distribution of 35% of the pension's value to the plaintiff, if such distribution is permitted by the defendant's pension plan. This transfer shall be a tax-free transfer, provided that payments made to the plaintiff pursuant to the qualified domestic relations order shall be taxable to her as provided in the Retirement Equity Act of 1984.
The court retains jurisdiction to resolve any questions and issue any additional orders necessary to implement this order and to enter alternative orders to carry out its intention in the event the plan administrator does not honor the qualified domestic relations order.
6. The parties shall share equally in all payments for and in the use of the time-share at Flagship Resorts. The plaintiff shall have the use of the time-share in even-numbered years, and the defendant in odd-numbered years.
7. Defendant shall pay to the plaintiff as counsel fees $1,000 within 30 days of the date of dissolution.
8. Except as otherwise ordered herein, the parties shall retain all assets on their financial affidavits of March 14, 1996 (plaintiff) and March 19, 1996 (defendant), and shall be responsible for all liabilities thereon and shall indemnify and save the other party harmless from any liability thereon.
9. The court enters no orders concerning personal property in view of the parties' agreement that they have resolved CT Page 4255-D between themselves the distribution of all personal property.
10. Each party shall be responsible for providing her or his own health insurance.
/s/ Shortall, J. SHORTALL