[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on May 19, 1989; therefore, as of the return date they had been married over six years. There is one minor child of the marriage, Mark Anthony, who will soon be four years old.
The parties are both in their mid-30's, and, while the physical health of both is good, the mental health of the plaintiff, Mrs. Volza, is poor, requiring regular treatment and medication. Despite these problems, Mrs. Volza is employed on a full-time basis and has been so employed throughout the marriage. CT Page 9695 Her present hourly wage is $11.00. Mr. Volza, likewise, was employed throughout the marriage except for periods of unemployment in 1993 and 1995. His established earning capacity is $31,000 yearly from full-time employment. He is presently employed as a cook in a restaurant at an hourly wage of $8.00, well below his earning capacity.
Neither party has significant assets, the former family home being in foreclosure due to non-payment of the mortgage over the past several months. On his financial affidavit of September 19, 1996 Mr. Volza showed liabilities in the approximate amount of $21,500, and a substantial portion of those liabilities represents charges incurred for the benefit of the parties jointly.
The court has considered all of the criteria of Sections46b-62, 46b-81, 46b-82 and 46b-84 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria."Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
The most obvious need disclosed by the evidence is for additional income to Mrs. Volza to enable her, as the agreed custodial parent of Mark, to support him in a reasonable fashion. The court can find little to question in the weekly expenses shown on Mrs. Volza's financial affidavit of September 19, 1996 as necessary for her and Mark's support. While it appears that the former family home will not be saved, it is likely that the alternative housing necessary for Mark and Mrs. Volza will approach the amount shown on that affidavit for the current mortgage and condo fees. In addition, Mrs. Volza's testimony indicated that Mark may require mental health treatment, himself, based on recent behavioral difficulties at school. Obviously, it is necessary for Mrs. Volza to continue to work on a full-time CT Page 9696 basis; therefore, the day care expenses that she presently incurs will continue into the indefinite future.
Mr. Volza has an Associate's Degree in Culinary Arts, and he has held responsible supervisory positions at continuing care facilities. His earnings at two of those facilities were $31,000 annually. In addition, he has in the past run a catering business which, although recent income has not exceeded $1,000, could generate additional income for his own and his son's support. The court concludes that his earning capacity makes it possible for him to contribute far more than he is at present toward the support of Mark, and the court's child support order will be based upon that finding.
While still married to Mrs. Volza, Mr. Volza has established a new romantic relationship and fathered another child in July of this year. It is clear from the evidence that this adulterous relationship began prior to the breakdown of the parties' marriage and contributed to that breakdown. While Mrs. Volza's mental health problems may also have contributed to the breakdown of the parties' marriage, the court rejects Mr. Volza's claim that they amounted to "emotional abuse".
The court might have expected that the increased responsibility which Mr. Volza has created for himself through his fathering of another child would have led to aggressive efforts on his part to maximize his income in order to meet both his responsibility to the parties' son and to his new child. The evidence does not disclose any such effort on Mr. Volza's part. This court's responsibility is to determine the amount of child support due for Mark according to the child support guidelines.
In June of 1995 the parties jointly held an individual retirement account in the approximate amount of $10,600. Mr. Volza withdrew $10,000 from that account without Mrs. Volza's knowledge or permission and used it on personal expenses, including the expense of setting up a new household for himself and his girlfriend. Accepting Mr. Volza's testimony that, at the time of his marriage, this account held $2,500 of his money alone, the court finds that Mrs. Volza was entitled to 50% of the $7,500 included in Mr. Volza's $10,000 withdrawal. The court's orders will include an award of lump-sum alimony intended to reimburse Mrs. Volza for that share.
The court finds that it has jurisdiction, that the CT Page 9697 allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. As agreed to by the parties at the time of trial, the court adopts paragraphs 1 and 2 of the defendant's proposed orders concerning custody and visitation of the minor child, except that he shall be with the defendant every Christmas Eve and with the plaintiff every Christmas Day, except for a two-hour period on Christmas Day, the times of which are to be agreed upon between the parties. In addition, as agreed between the parties at the time of trial, if either party leaves Connecticut while the minor child is in his or her custody, he or she shall notify the other party, prior to leaving, of the place to which the child is going and a phone number at which the child can be reached.
2. The defendant shall pay to the plaintiff by way of child support the sum of $120 weekly in accordance with the child support guidelines and an additional $50 weekly, representing one-half of the cost of daycare, in accordance with deviation criterion 6(B).
This payment shall be made by way of an immediate wage execution, and the defendant is responsible for paying directly to the plaintiff any amount not withheld from his wages by his current employer.
3. The court adopts paragraph 4 of the defendant's proposed orders of September 19, 1996.
4. The defendant shall name the minor child as an irrevocable primary beneficiary on a life insurance policy with a face value of not less than $50,000. Annually, he shall provide documentation to the plaintiff of the existence of such a policy with the minor child as beneficiary thereof. This obligation of the defendant shall terminate upon the child's reaching his 18th birthday.
5. By way of a quitclaim deed the defendant shall transfer to the plaintiff all of his right, title and interest in and to the parties' jointly owned premises at 975-64 Meriden CT Page 9698 Road, Waterbury, and the plaintiff shall assume and hold the defendant harmless from any and all obligations associated therewith, except that the defendant will assume and hold the plaintiff harmless from any liability owed by her to Anthony Volza as a result of Anthony Volza's assumption of debt incurred by the parties and secured by said premises.
6. The plaintiff shall be exclusively entitled to all furniture, furnishings and personal property at the former marital premises, and the defendant shall be exclusively entitled to all furniture, furnishings and personal property in his possession.
7. As agreed to by the parties at the time of trial, the court adopts paragraphs 9 and 10 of the defendant's proposed orders of September 19, 1996.
8. The parties shall retain all of the assets shown on their respective financial affidavits at the time of trial. Likewise, each party shall be responsible for the liabilities shown on those financial affidavits and shall indemnify and hold the other party harmless from any liability thereon. The plaintiff shall continue to hold for the benefit of the minor child the United States Savings Bonds in the approximate amount of $1,000 and all other funds presently held by her for his benefit.
9. The defendant shall pay to the plaintiff, as lump-sum alimony, the sum of $3,750, and he shall pay this sum by way of weekly payments in the amount of $25.00 until said sum is paid in full.
10. Each party shall pay his or her own counsel fees.
SHORTALL, J.