[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were married on March 18, 1967; therefore, by the return date of the complaint they had been married over 28 years. There were seven children born issue of the marriage, and one has yet to reach her majority.
Both parties testified at the trial of this matter on October 31, 1996. Counsel stipulated to several facts at trial and submitted a "Post-Trial Stipulation", covering certain changes in the defendant's financial condition since the time of trial. The court's findings and orders will be based on the two stipulations and the trial testimony.
The plaintiff, Mr. McLay, is a police officer for the City of Waterbury. He projects his gross income for 1996, including a year-end bonus, to be approximately $65,000. He is 56 years old and is in good health except for his diabetes, which he manages with daily insulin injections.
On the other hand, the health of the defendant, Mrs. McLay, is poor. She has been ill since 1981 with depression and other psychiatric illnesses, having experienced repeated CT Page 7522 hospitalizations and presently requiring daily medication. She has no income other than $70 weekly from babysitting and $429 a month ($100 per week) in Social Security disability benefits. Mrs. McLay's only asset (besides the former family home) is a sum of approximately $4,000, the balance of a retroactive Social Security disability payment after payment of a $2,000 Mastercard bill.
The court has considered all of the criteria of Sections46b-62, 46b-81, 46b-82 and 46b-84 of the General Statutes, together with the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account", Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria."Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
Given her disabling health problems, Mrs. McLay requires income for her own support and that of the parties' remaining minor child. Mr. McLay's income is sufficient to allow him to provide this support while still maintaining a reasonable standard of living for himself. The former family home, in which Mrs. McLay and her daughter reside, has virtually no equity, and the court believes that Mrs. McLay's proposal that she remain in the house and assume the outstanding obligations is a reasonable proposal and one that is justified by the statutory factors.
The court does not believe that the evidence introduced at trial supports a finding that either party was primarily responsible for the breakdown of the parties' marriage.
The plaintiff has a substantial pension by virtue of his service to the City of Waterbury as a police officer. According to Exhibit C, his estimated pension at this time is $28,510.80 annually or $2,375.90 monthly. The court believes that, by virtue of the factors set forth in § 46b-81, C.G.S., the defendant is entitled to half of that pension, as presently valued. While CT Page 7523 Exhibit C indicates that, "these monies cannot be assigned to a divorced spouse", and counsel for both parties accepted this position at trial, the court is aware of no reason why it cannot assign one-half of the plaintiff's pension to the defendant. The Connecticut Supreme Court has recently held that "`property' as used in § 46b-81, includes the right, contractual in nature, to receive vested pension benefits in the future". Krafick v.Krafick, 234 Conn. 783, 798 (1995). In so doing, the court ordered the equitable distribution of a governmental pension plan to which ERISA does not apply. Id., 786, n. 4. No reason appears why this strong public policy of the state of Connecticut should not apply to a Waterbury city pension as it does to all other pensions. The provision of the Waterbury City Charter attached to Exhibit C relates only to death benefits and not to pension benefits payable while the retired police officer is still living. Therefore, the court will enter an appropriate order to transfer to the defendant one-half of the plaintiff's pension rights payable after his retirement and prior to his death.
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. As agreed to by the parties at the time of trial, they will share joint legal custody of their minor child, with physical custody in the defendant and reasonable, liberal and flexible rights of visitation in the plaintiff.
2. The plaintiff shall pay to the defendant, as unallocated alimony and child support, the sum of $425 weekly until the death of either party or the defendant's remarriage.
3. The plaintiff shall continue to provide comprehensive health insurance for the minor child, and the parties will share equally in any unreimbursed or uninsured medical expenses of any kind.
4. The plaintiff may take the annual tax exemption for the minor child.
5. The plaintiff shall cooperate in making available to the CT Page 7524 defendant any health insurance benefits to which she may be entitled through his employment as a result of COBRA legislation. The cost associated with said insurance coverage shall be assumed and paid by the defendant.
6. By way of a quitclaim deed, the plaintiff shall transfer to the defendant all of his right, title and interest in the premises at 66 Revere Street, Waterbury, and the defendant shall be responsible for payment of the mortgage, taxes and all other charges associated with that property, and she shall indemnify and save the plaintiff harmless from any liability thereon. The plaintiff shall make or cause to be made the repairs listed in paragraph 8 of the defendant's proposed orders of October 31, 1996, provided that his total expenditures for such repair shall not exceed $1,500.
7. The parties shall retain all the personal property now in their possession. The plaintiff shall remove from the premises at 66 Revere Street, Waterbury, any personal property of his within 30 days. The parties shall be exclusively entitled to the automobiles currently in their possession, and each shall hold the other harmless from any liabilities thereon, including the cost of insurance.
8. The parties shall be entitled to the assets shown on their respective financial affidavits submitted at the time of trial, except as otherwise provided herein. The parties shall be responsible for the payment of the liabilities shown on their respective financial affidavits submitted at the time of trial except that the plaintiff shall not be responsible for payment of the liability listed as "Master Card (Marjorie's)" on his financial affidavit. Each party shall indemnify and save the other harmless from any liability associated with the debts shown on their respective financial affidavits.
9. The defendant shall be entitled to 50% of the plaintiff's present interest in his pension with the City of Waterbury. That is to say, at such time as the plaintiff retires and prior to his death, the defendant shall be entitled to monthly payments of $1,187 gross before taxes, 50% of the amount shown as the present value of the plaintiff's pension in Exhibit C. Counsel for the defendant shall prepare a domestic relations order sufficient to transfer that portion of the plaintiff's interest to the defendant. The court retains jurisdiction to make any modifications of this order in order to carry its intention into CT Page 7525 effect or to enter any alternative orders with the same purpose. In particular, counsel for the parties shall consider the tax consequences of this order for both parties to determine how their tax liabilities will be apportioned. If the plaintiff is required to pay federal income tax on the entire monthly pension award, the defendant's monthly payment shall be the amount stated above less 50% of the federal tax to be paid by the plaintiff.
10. The plaintiff shall provide for the defendant $50,000 of term life insurance for as long as his obligation under paragraph 2 continues. He shall provide annual documentation of the existence of the policy and of the defendant's status as primary irrevocable beneficiary.
SHORTALL, J.