[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. On the return CT Page 141 date the parties had been married over 24 years. There are four children issue of the marriage, two of whom have yet to reach their majority.
The plaintiff, Mr. Morales, is 47 years old; the defendant, Mrs. Morales, 44. Both are in good health. Mrs. Morales has been employed as a teacher's aide for the past four years, while Mr. Morales is self-employed in a carpentry firm, HRJ Woodcraft, which he owns jointly with his brother.
Mrs. Morales' income is extremely limited because, in addition to working 21 hours per week at her teacher's aide position, she attends a community college, pursuing an Associate's degree that would give her the qualifications for more lucrative employment. No evidence was introduced that Mrs. Morales possesses any vocational skills that would allow her to generate any additional income until she acquires her Associate's degree in May of 1997. On the other hand, until six weeks before trial, Mr. Morales had enjoyed gross weekly income of $1,100. At that time, he testified, his brother and he decided to reduce their income from their jointly-owned business to $800 per week so that the business could run on its own revenues. Moreover, the testimony was that for the past 15 years that he has been self-employed, Mr. Morales has generated income of $1,000 or more each week.
The court does not believe that Mrs. Morales and the parties' two minor children should be negatively affected by the business decision of Mr. Morales and his brother concerning the financing of their business. Therefore, the court finds an earning capacity on the part of Mr. Morales of $1,100 weekly, and its orders concerning child support, alimony and counsel fees will be based on that finding.
At the outset of trial the parties commendably agreed on many of the issues in this matter, particularly those affecting their minor children. The court will adopt all of those agreements as orders of the court. Remaining at issue between the parties are the amount and duration of alimony, the provision of health insurance for the two minor children, the placement of certain restrictions on Mr. Morales' visitation with the minor children, the provision of funds for a motor vehicle badly needed by Mrs. Morales and the children and the payment of counsel fees for Mrs. Morales as well as the attorney appointed by the court to represent the minor children. CT Page 142
Concerning Mrs. Morales' need for transportation, she presently has the use of a 14-year old vehicle with well over 100,000 miles. This is her only transportation to and from work and school as well as the only transportation available to the parties' son and daughter. At the same time, Mr. Morales has available a 1997 Ford pickup truck recently purchased by his business and a 1991 Toyota Camry recently purchased by him for his own use and that of his live-in girlfriend. The court will enter an appropriate order to provide Mrs. Morales and the parties' children with their badly-needed transportation.
Mr. Morales presently shares living quarters with his girlfriend and her two teenage sons. At trial he testified to monthly household expenses of $1,575. The court will consider one-half of that amount as his share of those expenses; viz, $787. His testimony was that his and his girlfriend's incomes are pooled for the payment of their joint expenses. This allows the court to consider her income as fully available to pay these joint expenses. See McGuinness v. McGuinness, 185 Conn. 7, 12-13
(1981); Manaker v. Manaker, 11 Conn. App. 653, 655-56 (1987). While Mr. Morales testified that his girlfriend's income is limited at the present time because of an injury, he also testified that she would return to work on a more extensive basis in the future.
In addition to his 50 percent share of household expenses, Mr. Morales has personal expenses which total $758 a month, giving him a total monthly expense of $1,545, the weekly equivalent of which is $359. These expenses include the monthly payment on the 1991 Camry he recently purchased.
Based on the finding that Mr. Morales' gross weekly earning capacity is $1,100 and applying to that figure the percentage tax deductions shown in his financial affidavits in the court file (approximately 30 percent) Mr. Morales' net weekly income would be $770. The parties have agreed that his weekly child support obligation pursuant to the child support guidelines is $245, thereby leaving Mr. Morales a total of $525 weekly for other expenses.
The court has considered all of the criteria of Sections46b-62, 46b-81, 46b-82 and 46b-84 of the General Statutes, together with the applicable case law. Since "[i]t would serve no CT Page 143 useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account",Scherr v. Scherr, 183 Conn. 366, 368 (1981), this court will not recount those criteria and the evidence, other than as stated subsequently in this memorandum. "The court is not obligated to make express findings on each of these statutory criteria."Weiman v. Weiman, 188 Conn. 232, 234 (1982). Suffice it to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5 (1985), and need not give equal weight to each factor. Kane v. Parry, 24 Conn. App. 307,313-14 (1991).
This is a case where lifetime alimony is clearly called for, albeit in decreasing amounts to coincide with Mrs. Morales' educational plans. The marriage is a long-term one by any standard, and there is an extreme disparity between the parties' present earning capacities and overall financial status. For example, Mr. Morales has available to him the resources of HRJ Woodcraft, of which he is the only owner besides his brother, and Mrs. Morales has waived any interest she might have claimed in that business. Mrs. Morales, on the other hand, has no assets whatever except for the 14-year old car she has been using since shortly after Mr. Morales left the family.
Health insurance for the parties' son and daughter is a major concern. Neither party seemed to have explored its availability in any meaningful manner, and the court's orders will require each to do so and report back to the court so that it may enter appropriate orders.
Mrs. Morales had requested that the court prohibit Mr. Morales from having visitation with the children while living under the same roof as his girlfriend. The court heard no testimony that would indicate that this visitation is harmful to the children, and their attorney reported to the court that both children wish to continue the visitation as they have been. Therefore, the court will impose no such limitation.
Finally, both parties will be responsible for the childrens' counsel fees, as previously ordered by the court. Considering the respective financial abilities of the parties, the court will require that Mr. Morales pay a portion of the counsel fees incurred in Mrs. Morales' defense of this matter. CT Page 144
The court finds that it has jurisdiction, that the allegations of the complaint are proven and are true, and that the marriage has broken down irretrievably. Based on those findings, as well as the court's consideration of the testimony and exhibits introduced at trial, its observation of the witnesses and assessment of their credibility, the court enters the following orders:
1. The marriage of the parties is hereby dissolved on grounds of irretrievable breakdown.
2. As agreed by the parties at the time of trial, the orders concerning custody and visitation of the two minor children proposed by their attorney shall be orders of the court. The court places no limitations on the visitation arrangements included therein.
3. As agreed by the parties at the time of trial, the plaintiff shall pay to the defendant as child support the amount of $245 weekly. The court finds that that amount is in substantial conformity to the child support guidelines.
4. Within 30 days of the date of dissolution both parties shall submit to the court through their counsel the results of investigations they have made into the cost and availability of health insurance for their two minor children through their employment and, in the case of the defendant, through Title 19. Counsel shall provide to opposing counsel and the childrens' counsel a copy of the submission made to the court pursuant to this order, and the court retains jurisdiction to enter appropriate orders concerning the provision of health insurance after review of those submissions. Prior to the court entering any such orders, the plaintiff shall be responsible for all uninsured and unreimbursed medical expenses of any kind incurred for the benefit of the minor children.
5. The plaintiff shall name the parties' children as irrevocable beneficiaries, with the defendant designated as trustee, on a life insurance policy with a face value of not less than $100,000 until each child attains the age of 18 years. Annually, he shall provide to the defendant proof of the paid-up status of such insurance and the continuation of the children as irrevocable beneficiaries thereof.
6. In addition to the child support ordered above, the CT Page 145 plaintiff shall pay to the defendant as alimony the sum of $100 per week as periodic alimony, which alimony shall terminate upon the death of either party or the defendant's remarriage. Alimony payable under this order shall decrease to $75 per week as of July 1, 1997, when the defendant has been graduated with her Associate's degree, and shall further decrease to $50 per week at such time as she receives a Bachelor's degree, but in any event, by July 1, 2000.
7. As agreed to by the parties at the time of trial, the court adopts as orders of the court paragraphs 5, 6, 8, 10 and 12 of the defendant's proposed orders.
8. As spousal and child support and pursuant to §46b-81(a) of the General Statutes, the court transfers from the plaintiff to the defendant all of the former's right, title and interest in a certain 1991 Toyota Camry automobile. Within ten days of the date of dissolution, the plaintiff shall register that motor vehicle in the defendant's name. The plaintiff shall continue to be liable for the loan on that vehicle, and he shall indemnify and hold the defendant harmless from any liability thereon. At the same time as the plaintiff executes the papers necessary to record the defendant's title to the 1991 Camry with the Motor Vehicle Department, the defendant shall transfer all of her interest in the 1982 Oldsmobile Cutlass to the plaintiff.
9. The parties shall continue to be equally liable for the fees for counsel for their minor children, as previously ordered by the court. The court finds that the amount of those fees, including the proceedings at trial, is $2,230 and finds that amount to be fair and reasonable. The plaintiff is ordered to pay directly to the attorney for the minor children $75 per month towards those fees, and the defendant is ordered to pay directly to that attorney the sum of $25 per month, until July 1, 1997, when she shall pay to the attorney the sum of $50 per month.
10. The plaintiff shall pay to the attorney for the defendant the sum of $2,000 as counsel fees, at the rate of $25 per week.
SHORTALL, J. CT Page 146