[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on September 21, 1991 in Bethel, Connecticut, approximately seven years ago. There is one minor child issue of the marriage, Ryan McNair, born on November 27, 1992. The court has jurisdiction in that both parties have lived in this state for over one year. The plaintiff wife is thirty-six years old and the defendant husband is thirty-eight years old. The court finds the marriage has broken down irretrievably without fault of either party and enters a decree dissolving the marriage.
The husband has worked in the engineering department for the Eaton Corporation for the past three years. There is disagreement between the attorneys on the overtime pay the defendant has been earning. He has recently accepted a new position in the company where he believes there will be no overtime in the future.
The court will not speculate on his future earnings but will base its findings on what he has earned during the past forty-two weeks. The court finds his regular earnings were $26,358.17, his overtime $6149.83, for a gross weekly wage of $770, and not the $700 listed on his financial affidavit, giving him a net weekly wage of $613. The court has not included the "Flex Dollars" of $4617 in computing his wages since this is not taxable income. This item is the company's contribution for his health insurance.
The wife is presently employed full-time as a claims adjuster with gross weekly earnings of $332, with a net of $263. In addition, she has been receiving child support of $230, for total net weekly income of $493 per week. Her weekly expenses are listed on her financial affidavit as $617, leaving a shortfall of $124 a week. She has a potential higher earning capacity in that she is a college graduate and should be able to increase her earnings during the next two years.
The court has listened to all the witnesses and reviewed all the exhibits in evidence. In addition, the court has taken into consideration all the criteria set forth in § 46b-82, the alimony statute; § 46b-84 the assignment of property statute; § 46b-84 the child support statute; and § 46b-215
(b) the child support guidelines, as well as the relevant case CT Page 13000 law, including Scherr v. Scherr, 183 Conn. 366 (1981).
Accordingly, the following orders may enter:
 CUSTODY OF THE MINOR CHILD
The parties will have joint legal custody of the minor child. The primary residence of said minor child shall be with the wife. The husband shall have reasonable, flexible and liberal visitation in accordance with the visitation agreement signed by the parties, dated April 13, 1998, and amended to include Thanksgiving, 1998 November 26) and Friday, November 27 with the wife, and Saturday and Sunday November 28 and November 29) with the husband, and alternate each year thereafter.
 CHILD SUPPORT
The husband shall pay the wife child support in the amount of $135 per week for the minor child until he turns eighteen years of age or graduates from high school, or attains the age of nineteen, whichever occurs first, in accordance with the Connecticut Child Support Guidelines.
 MEDICAL INSURANCE
The husband shall maintain medical insurance for the benefit of the minor child until the child reaches the age of eighteen years or graduates from high school or attains the age of nineteen, whichever occurs first. The parties shall each be responsible for and shall pay 50 percent of all unreimbursed medical, hospitalization and dental expenses incurred by or on behalf of the child.
The husband shall make available to the wife any COBRA benefits available under his medical insurance.
 ALIMONY
The husband shall pay to the wife alimony in the sum of $50 per week. Alimony shall terminate upon the happening of the first of the following events: (a) the death of either party; (b) the remarriage of the wife; (c) cohabitation by the wife with an unrelated male pursuant to § 46b-86 (b) of the General Statutes; (d) two years from the date of the dissolution of the marriage. This is considered as rehabilitative alimony to enable CT Page 13001 her to find a higher paying job within the next two years.
An immediate wage withholding order shall enter as to support and alimony.
 MARITAL RESIDENCE
The marital residence shall be placed on the market and sold after allowing the husband ninety (90) days as a first option to purchase the property for $137,500. The wife shall be entitled to one-half of the net proceeds of the sale or one-half of her net equity if the husband exercises his option to purchase. The balance of the present mortgage is shown on the wife's financial affidavit as $117,323, and the husband shall hold the wife harmless on this mortgage debt.
The husband shall be responsible for the mortgage, taxes and insurance on the marital residence until it is sold or he exercises his option to purchase.
 LIFE INSURANCE
The husband shall maintain a life insurance policy in the amount of $100,000 naming the minor child as the primary beneficiary.
 DEBTS
The husband shall be responsible for all the marital debts shown on the wife's financial affidavit except the $1700 debt for counsel fees, and will hold the wife harmless on these debts. He shall also be responsible for any debts owed to his mother, Eleanor McNair. The husband shall be held harmless for the $7000 withdrawal from his IRA account, and the $2000 held in a joint savings account at People's Bank because the court believed his testimony that these funds were used to pay joint marital debts.
 PERSONAL PROPERTY
The wife shall retain the personal property removed from the marital residence and shall be entitled to remove the freezer and the TV set now on the premises. The dishwasher and all the personal property that was left in the residence shall remain the property of the husband. The wife shall also return the pistol to the husband. CT Page 13002
 INCOME TAX CONSIDERATION
The wife shall be entitled to take the tax exemption for the minor child, and the husband shall get the mortgage deductions for the home for 1998.
 PENSION AND IRA ACCOUNTS
The husband shall divide equally with the wife the amount vested, if any, in his pension plan. The court orders 50 percent of the present benefits to the wife, including survivorship benefits, pursuant to a Qualified Domestic Relations Order. The court shall retain jurisdiction over the execution of the QDRO.
The husband shall retain his 401K plan with the Eaton Corporation which has a value of approximately $23,987 as shown on his financial affidavit.
 ATTORNEY'S FEES
Each party shall be responsible for their own attorney's fees.
Petroni, J.